JAMES J. DONOVAN *vs.* MARY G. CLIFFORD.

Suffolk. November 22, 1916. — January 3, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Deceit.*

In an action by a dealer in millinery goods, who had sold to the defendant, who was a milliner, certain goods that were unpaid for, for alleged false and fraudulent representations that the defendant intended to pay for the goods within the term

of the credit allowed by the plaintiff, if it appears that the defendant, besides a false impression that she produced upon the plaintiff by her acts, said to him, "I am thoroughly reliable. You will get a check for it the first of the month; . . . you will get your money very shortly. If I owe you $200, no matter what the amount is, you will be paid," and if it further appears that the defendant was hopelessly insolvent and could have had no reasonable expectation of ever paying for the goods, the plaintiff is entitled to go to the jury.

TORT for alleged false and fraudulent representations, made at the times that the defendant purchased certain goods from the plaintiff, that the defendant intended to pay the plaintiff for the goods, whereby the plaintiff was induced to part with them, whereas the defendant intended never to pay for the goods. Writ dated May 22, 1915.

In the Superior Court the case was tried before *Hardy,* J. The evidence is described in the opinion. Upon this evidence the judge ruled that the plaintiff was not entitled to go to the jury and ordered a verdict for the defendant. He thereupon reported the case for determination by this court with a stipulation of the parties that, if the ruling was wrong, judgment should be entered for the plaintiff in the sum of $207.82; otherwise, that judgment should be entered for the defendant upon the verdict.

The case was submitted on a brief by the plaintiff.

*C. F. Smith,* for the plaintiff.

DE COURCY, J. The plaintiff, a dealer in millinery goods, made to the defendant, a milliner, the nineteen sales referred to in the declaration, beginning August 24, 1914, ending October 6, 1914, and aggregating $207.82.

There was evidence from which the jury could find the following facts: When the defendant moved to Boylston Street about September, 1913, she was $7,000 in debt, and her business was greatly impaired during the year following; from August 1, 1914, to October 14, 1914, her indebtedness steadily increased and her stock diminished; about the first of September she had an attorney send a general form letter to her creditors offering to pay them with notes, but no cash; the middle of September her books showed an indebtedness of about $15,000, and she made an offer to her creditors of twenty-five per cent in her unsecured notes; while this effort to compromise with her creditors was in progress she formed a corporation, known as Clifford, Inc., with three dummy incorporators, intending thereby to cater to her customers; a petition in

involuntary bankruptcy was filed against her November 13, 1914, and her schedules in the bankruptcy court showed a total unsecured indebtedness of $20,526.86, and assets totalling $4,200, consisting of fixtures $500, book accounts $700, and stock $3,000. The schedules contained a statement of "$500 in merchandise paid to" her attorney, which in fact was not paid. Until the plaintiff received a letter from her attorney on October 9, 1914, he did not learn in any way that the defendant was unable to pay her debts.

A jury would be warranted in inferring from the conduct of the defendant as disclosed by the evidence, that she bought these goods with a preconceived, definite, conscious intent not to pay for them. Under our law this would constitute a fraud upon the plaintiff, would render the sales voidable at his election, and entitle him to recover the goods in an action of replevin if they remained hers. *Watson* v. *Silsby,* 166 Mass. 57. *Phinney* v. *Friedman,* 224 Mass. 531.

The plaintiff, however, has not attempted to avoid the sales. This action is in tort for deceit. The declaration is based on alleged false and fraudulent representations by the defendant, made at the time of the sales of these goods, that "she . . . then and there did intend to pay the plaintiff therefor within the term of said credit." It was incumbent on the plaintiff to establish this by words or acts of the defendant falsely representing to him a fact which induced him to make the sale. A mere promise to pay was not enough. A representation of a present intention to pay must be shown. See *Commonwealth* v. *Althause,* 207 Mass. 32.

The evidence on this issue was meagre. But in addition to the representations created or conveyed by her acts, fraudulently producing a false impression upon the mind of the plaintiff, there were statements made by the defendant when some of the sales were made which a jury properly could say impliedly represented that she had a present intention to pay for the goods: such as "I am thoroughly reliable. You will get a check for it the first of the month; . . . Mr. Donovan you will get your money very shortly. If I owe you $200, no matter what the amount is, you will be paid."

The jury also could find that these representations were false. Plainly the evidence referred to would warrant a finding that the defendant could have had no reasonable expectation of ever pay-

ing for these goods, and, as an inference therefrom, that she bought with an intention not to pay for them; on the other issues in the case, there was ample evidence.

By the terms of the report if there was any evidence upon which the plaintiff was entitled to go to the jury, judgment is to be entered in his favor for a stipulated sum. In our opinion there was evidence entitling him to go to the jury on some of the counts in his declaration. Accordingly the entry must be

*Judgment for the plaintiff in the sum of $207.82.*