COMMONWEALTH *vs.* JOHN L. SHEA, SECOND
(and a companion case against the same defendant).

Middlesex.    October 3, 1949. — November 7, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Evidence,* Of identity.    *Motor Vehicle,* Operation.

A finding beyond a reasonable doubt that a defendant was the operator of an automobile at the time of a collision with another vehicle was not warranted by evidence merely that the automobile was registered in the name of the defendant's wife; that it had not stopped after the collision and was found abandoned about a mile and a half further on; that from the vicinity of the abandoned automobile the defendant telephoned for towage fifteen minutes after the collision, and an hour later procured a taxicab; and that about three hours before the collision he had been seen in a nearby town but that someone else had then been operating the automobile.

COMPLAINTS, received and sworn to in the First District Court of Northern Middlesex on November 4, 1948.

On appeal to the Superior Court, the cases were tried before *Murray,* J.

*W. F. A. Graham,* for the defendant.

*G. E. Thompson,* District Attorney, & *E. V. Keville,*

Assistant District Attorney, for the Commonwealth, submitted a brief.

COUNIHAN, J. These two complaints were brought originally in the First District Court of Northern Middlesex and were there tried, and on appeal were tried together to a jury in the Superior Court.

The first complaint is for violation of G. L. (Ter. Ed.) c. 90, § 24 (2) (a), as appearing in St. 1936, c. 434, § 1, which provides that "whoever without stopping and making known his name, residence and the register number of his motor vehicle goes away after knowingly colliding with or otherwise causing injury to any other vehicle or property . . . shall be punished . . . ."

The second complaint is for violation of the same chapter, § 24 (1) (a), which provides, "Whoever upon any way or in any place to which the public has a right of access operates a motor vehicle while under the influence of intoxicating liquor shall be punished . . . ." At the close of the evidence the defendant duly moved for a directed verdict of not guilty on each complaint, for the reason that the Commonwealth had failed to prove beyond a reasonable doubt that the defendant was the operator of the motor vehicle referred to in the complaints. The motions were denied and the jury returned a verdict of guilty on each complaint. After the verdicts the judge with the consent of the defendant reported the cases to this court, in accordance with G. L. (Ter. Ed.) c. 278, § 30, for determination of the question of the sufficiency of the evidence as to the operation of the motor vehicle by the defendant, upon the following stipulation: "If the cases should have been submitted to the jury then the cases are to be remanded to the Superior Court for sentence. If the cases should not have been submitted to the jury, the verdicts are to be set aside and the cases are to be remanded to the Superior Court for an entry of 'not guilty by order of the court.'"

At the trial one Beebe testified that on November 3, 1948, at about 8:45 P.M. while driving a motor vehicle on Ayer Road in Ayer, his vehicle was struck and damaged

by a motor vehicle coming in the opposite direction. This other vehicle did not stop. It was found abandoned about a mile and three quarters west of the scene of the accident. It is undisputed that this vehicle was registered in the name of Mildred Shea, the wife of the defendant.

The evidence on the question of the identity of the operator of the Shea vehicle may be summarized as follows: Neither the operator of the vehicle which was struck nor his wife who was with him could tell who was the operator of the Shea vehicle or how many persons were in that vehicle; later an "autoist" saw the Shea vehicle off the road about a mile and a half west of the scene of the accident and, as he approached it, the lights of it were turned off and he was unable to determine whether anyone was in the vehicle; the same witness and the police officers saw neither the defendant nor anyone else on Ayer Road or on Willow Road which joined it; the defendant telephoned to Everett Scott about 9 P.M. from the Henry house on a large chicken farm, located about three hundred yards beyond the point where the Shea vehicle was found abandoned; he asked him to come and tow the Shea vehicle to Scott's garage; the defendant told Scott that his vehicle had "konked out"; about 10 P.M. the defendant went to the Little house on Willow Road where he engaged Little, who was a taxicab driver, to drive him; Little asked the defendant whether he wanted to go to Westford by Ayer Road or by Route 2, which parallels it, and the defendant told him to go by Ayer Road; shortly afterwards the defendant was apprehended in the taxicab by Officer Picard of the Ayer police; the defendant was very wet and he had chicken feathers on his trousers; when questioned by Officer Picard, the defendant denied that he had been in an accident; later he denied he was operating the motor vehicle in question and stated to the officer, "a fellow in the same business as you was driving." There was further testimony that a police officer of Westford saw the defendant in Westford about 6 P.M. and that someone else was then driving the Shea vehicle.

The only question to be decided is whether on this evidence and reasonable inferences therefrom the jury could find, beyond a reasonable doubt, that the defendant was the operator of the Shea vehicle at the time of the accident. *Nager* v. *Reid*, 240 Mass. 211, 214. While it is not necessary to prove that the defendant had the exclusive opportunity to commit the crimes, *Commonwealth* v. *Leach*, 160 Mass. 542, 551; *Commonwealth* v. *Gentile*, 255 Mass. 116, 118, and while the inferences need not be inescapable or necessary, *Commonwealth* v. *Ehrlich*, 308 Mass. 498, 500; *Commonwealth* v. *Barker*, 311 Mass. 82, 90–91; *Commonwealth* v. *Grieco*, 323 Mass. 639, 642, yet the evidence must be such as to convince a jury beyond a reasonable doubt that the defendant, and no one else, committed the offences charged. Here there was no direct and positive proof that the defendant committed the offences charged. The evidence was in this respect altogether circumstantial.

"The true rule of law respecting the probative character of circumstantial evidence is well settled. It is that the circumstances must be such as to produce a moral certainty of guilt, and to exclude any other reasonable hypothesis; 'that the circumstances taken together should be of a conclusive nature and tendency, leading on the whole to a satisfactory conclusion, and producing, in effect, a reasonable and moral certainty, that the accused, and no one else, committed the offence charged.' *Commonwealth* v. *Webster*, 5 Cush. 295, 319." Rugg, C.J., in *Commonwealth* v. *Russ*, 232 Mass. 58, 68. See also *Commonwealth* v. *O'Brien*, 305 Mass. 393, 400.

When the evidence as here "tends equally to sustain either of two inconsistent propositions [the guilt or innocence of the defendant], neither of them can be said to have been established by legitimate proof. A verdict in favor of the party bound to maintain one of those propositions against the other is necessarily wrong." *Smith* v. *First National Bank*, 99 Mass. 605, 612. *Commonwealth* v. *O'Brien*, 305 Mass. 393, 400. "We are concerned not with the weight of the evidence, but as to whether there

is any evidence, including the permissible inferences from the established facts, that will sustain a finding that the defendant has been shown beyond reasonable doubt to have had such an interest in the commission. A careful examination of the record discloses nothing more than speculation, conjecture or surmise upon which such a finding could be based. This is insufficient to sustain the burden resting upon the Commonwealth." *Commonwealth* v. *Albert*, 310 Mass. 811, 816–817. We are of opinion that the evidence was insufficient to warrant the submission of these cases to the jury.

It follows that the verdicts are set aside and these cases are remanded to the Superior Court for an entry of "not guilty by order of the court" in accordance with the stipulation.

*So ordered.*