COMMONWEALTH *vs.* KACHADOR MANOOSHIAN.

Suffolk.   November 6, 1950. — December 1, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Alcoholic Liquors,* Sale to minor.   *Sale,* What constitutes.   *Pleading,*
  *Criminal,* Complaint.   *Practice, Criminal,* Variance.   *Words,* "Sale."

There was a "sale" within G. L. (Ter. Ed.) c. 138, § 34, as appearing in
  St. 1933, c. 376, § 2, and as amended, where beer was transferred and
  delivered to a minor for a fixed price to be subsequently paid, even
  though the transaction was voidable because the minor did not make
  payment and never intended to do so.
A variance between the date of a sale of alcoholic liquor to a minor as
  alleged in a complaint for violation of G. L. (Ter. Ed.) c. 138, § 34, as
  appearing in St. 1933, c. 376, § 2, and as amended, and the date of such
  sale as shown by evidence upon which the defendant was convicted
  was of no avail to the defendant, who had not sought particulars: the
  date was not an essential element of the crime and was immaterial.

COMPLAINT, received and sworn to in the Municipal Court
of the Brighton District of the City of Boston on Septem-
ber 2, 1949.

Upon appeal to the Superior Court, the case was tried
before *Morley,* J., a District Court judge sitting under
statutory authority.

*W. F. A. Graham,* for the defendant.

*Joseph A. Sullivan,* Assistant District Attorney, for the
Commonwealth.

COUNIHAN, J.   This is a complaint to a District Court
wherein the defendant was charged with unlawfully selling
alcoholic beverages on August 29, 1949, to one Lois Walsh,
a person under twenty-one years of age.   On appeal the
case was tried to a jury who returned a verdict of guilty.
It comes here on exceptions of the defendant to the denial
by the judge of a motion for a directed verdict of not guilty,
to the denial by the judge of requests for instructions, and
to certain parts of the judge's charge to the jury.   The com-

plaint in substance alleges a violation of G. L. (Ter. Ed.) c. 138, § 34, as appearing in St. 1933, c. 376, § 2, and as amended.

There was no dispute between the Commonwealth and the defendant that on August 29, 1949, one Lois Walsh, then about nineteen years of age, gave the defendant a worthless check for $32.40 for some beer or ale and cigarettes which she at some time purchased from the defendant. He took out $2.68 for the purchases and gave her $29.72 in change. The only dispute was as to the time and the manner in which the alleged sale was made. She said that the sale was on credit, a few months prior to August 29, 1949, and the defendant said that it was for cash on August 29, 1949, after she had shown him a false birth certificate. She admitted that she knew the check was worthless and that she never intended to pay for the goods she received.

The defendant contends that in these circumstances Lois Walsh was guilty of larceny, G. L. (Ter. Ed.) c. 266, §§ 34, 35, 37, and that therefore there never was a sale of the beer to her by the defendant.

No case has been brought to our attention and we have discovered none defining a "sale" under the statute, said § 34. There is no reason to believe, however, that any different meaning was intended from that used in the law of sales. A sale is defined in G. L. (Ter. Ed.) c. 106, § 3 (2), as "an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price." Where there is an agreement to sell specific goods, the property in those goods passes at such time as the parties intended. Unless a different intention appears, if there is an unconditional agreement to sell specific goods in a deliverable state, title passes when the agreement is made, even if the time of payment be postponed. G. L. (Ter. Ed.) c. 106, § 21, Rule 1. *Levinson* v. *Connors*, 269 Mass. 209, 210. In the present case the jury could reasonably find that there was an actual transfer and delivery of the goods at a fixed price, with the time for payment for them deferred. In these circumstances at least a voidable title to these goods

,passed. *Watson* v. *Silsby*, 166 Mass. 57, 58. *Donovan* v. *Clifford*, 225 Mass. 435, 437. We are of opinion that the passing of at least a voidable title constitutes a sale within the meaning of the statute, said § 34. There was no error in submitting the case to the jury. What we have said disposes of all of the defendant's requests for instructions and all of the defendant's exceptions to the charge but one.

The defendant excepted to that part of the charge which stated "that the date as set forth in the complaint was not important so long as the alleged sale by means of the check occurred in or within six years of the date of the complaint." He contended that he was prejudiced in the preparation of his defence by the variance between the allegation of the date of the sale in the complaint and the testimony of Lois Walsh that it was made a few months prior to that date. There is no merit in this exception. Whether the sale was made on August 29, 1949, as alleged in the complaint, or a few months prior thereto was immaterial because it was not an essential element of the crime. G. L. (Ter. Ed.) c. 277, §§ 20, 34, 35. If the defendant desired more specific information as to the time of the sale, he could have sought a bill of particulars under G. L. (Ter. Ed.) c. 277, § 40.

*Exceptions overruled.*