Rescripts.

COMMONWEALTH vs. JAMES P. HENRY (and a companion case against the same defendant). November 6, 1958. Exceptions overruled. The defendant was tried and convicted upon two complaints, one charging him with going away after causing property damage without disclosing his name and address, and the second charging him with operating a motor vehicle so negligently upon a public way as to endanger the safety of the public. Both complaints were based upon G. L. c. 90, § 24. The jury returned verdicts of guilty on both complaints. The cases are here upon the defendant's exceptions to the refusal of the judge to grant motions directing the jury to return verdicts for the defendant. There was evidence showing that an automobile owned by one Moore, while parked upon a public street in Natick, was struck in the rear by a green colored automobile which immediately departed after the impact. There was evidence that the automobile which struck the Moore automobile bore the registration number of the defendant's automobile; that the right front fender of the defendant's automobile left a deposit of green paint, similar to the color of the defendant's automobile, on the rear bumper of the Moore automobile; that the radiator of the defendant's automobile was hot when the defendant was interviewed by a police officer in about an hour after the accident; that the defendant told the officer that he, and only he, drove the automobile on the afternoon of the accident; and that this officer was of the opinion that during the interview the defendant was under the influence of intoxicating liquor. There was no error in the denial of the motions. The cases are clearly distinguishable from *Commonwealth* v. *Shea*, 324 Mass. 710. The inferences from the entire evidence warranted the jury in finding that the defendant was operating his automobile at the time of the accident. *Commonwealth* v. *DiStasio*, 297 Mass. 347, 360. *Commonwealth* v. *O'Brien*, 305 Mass. 393, 401. *Commonwealth* v. *Ehrlich*, 308 Mass. 498, 500. *Commonwealth* v. *Barker*, 311 Mass. 82, 90–91.

*John W. Mahaney*, (*Joseph D. Neylon* with him,) for the defendant.
*Edward M. Viola*, Assistant District Attorney, for the Commonwealth.

PHYLLIS M. BORTHWICK vs. DEVONSHIRE CONCESSIONS, INC. November 7, 1958. Exceptions overruled. This is an action of tort to recover for injuries sustained by the plaintiff by reason of the alleged presence of a foreign substance in a clam fritter purchased from the defendant and eaten by her. The action was originally in two counts, one for breach of warranty and the other for negligence. The first count was waived and the action was submitted on the negligence count to a jury, who returned a verdict for the defendant. It comes here upon the plaintiff's exception to the denial of her motion for a new trial. There was no error. It would serve no useful purpose to recite the facts upon which the plaintiff relies. There were no requests for rulings on the motion which was based upon grounds that the verdict was against the law, against the evidence, and against the law and the weight of the evidence. We find no abuse of discretion in the denial of the motion for a new trial. See *Graustein, petitioner*, 305 Mass. 571, 572; *Scano, petitioner, ante*, 7.

*Michael W. Albano*, for the plaintiff.
*Charles M. Healey, III*, for the defendant, was not called on.