COMMONWEALTH *vs.* MARCUS F. SMITH.

Middlesex.  May 5, 1975. — June 11, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Motor Vehicle,* Operation. *Evidence,* Consciousness of guilt. *Practice, Criminal,* Variance.

A finding that the defendant was the operator of a motor vehicle which struck two other vehicles and continued on without stopping was warranted by evidence that it had been under the defendant's sole control for several hours prior to the accident and was then occupied by only one person, that within fifteen minutes after the accident the defendant reported the vehicle stolen, and

that shortly thereafter it was parked near a house in which the defendant was found.   [128-129]

A variance between the actual time of an accident in which a motor vehicle operated by the defendant was involved and the time recited in the citation which he received for a violation of G. L. c. 90, § 24 (2) (a), was immaterial at his trial in the absence of a showing of prejudice.   [129]

COMPLAINT received and sworn to in the First District Court of Eastern Middlesex on March 27, 1973.

The case was heard by *Lack, J.*

*Albert F. Cioffi* for the defendant.

*Terence M. Troyer,* Assistant District Attorney, for the Commonwealth.

WILKINS, J.   The defendant argues his exception to the denial of his motion for a directed verdict in a jury waived trial in which he was found guilty of leaving the scene of a motor vehicle accident without making himself known.   See G. L. c. 90, § 24 (2) (a).   We treat the motion for a directed verdict as a request for a ruling that the evidence did not warrant a finding of guilt.   See *Commonwealth* v. *Hughes,* 364 Mass. 426, 427, n. 2 (1973).

The evidence showed that the arresting officer received the registration number of a vehicle which had struck two other vehicles and continued on without stopping. There was testimony that only one person occupied the vehicle which did not stop.   The officer went to the defendant's home.   Then he went to the home of the defendant's sister, where he spoke to the defendant.   A vehicle parked outside the sister's home had a warm radiator and was damaged, having on it red paint which appeared to be the same color as one of the vehicles which had been struck.   Analysis showed that the red paint scrapings from this car were consistent in color and microscopic appearance with the paint of one of the other vehicles damaged in the accident.

The defendant told the police officer that he was visiting his sister and had not been out for seven hours prior

to the time of the accident. The accident occurred at 12:50 A.M. At 1:03 A.M. the defendant reported to the local police that his vehicle had been stolen. A citation was delivered to the defendant at 2:15 A.M. The citation stated that the offense occurred at 2:15 A.M., and listed one Owen Smith as the owner of the vehicle.[1]

The defendant argues that the judge was not warranted in inferring that the defendant had been operating the vehicle at the time of the accident. Although there was ample evidence to justify the conclusion that the damaged vehicle found outside the home of the defendant's sister had been involved in the accident, there was no direct evidence that the defendant was the driver of the accident vehicle. Circumstantial evidence may be sufficient to establish guilt beyond a reasonable doubt in cases of this sort. See *Commonwealth* v. *Henry*, 338 Mass. 786 (1958); *Commonwealth* v. *Swartz*, 343 Mass. 709, 711-713 (1962); *Commonwealth* v. *Rand*, 363 Mass. 554, 561-562 (1973). In some other such cases, however, circumstantial evidence does not produce a moral certainty of guilt and exclude any other reasonable hypothesis. See *Commonwealth* v. *Shea*, 324 Mass. 710, 713-714 (1949); *Commonwealth* v. *Mullen*,       Mass. App. Ct.     ,   -     (1975).[a]

We believe that the evidence warranted a finding that the defendant was the operator of the vehicle which left the scene of the accident. The evidence justified a finding that the vehicle had been under the defendant's sole control for several hours prior to the accident. There was only one person in that vehicle at the time of the accident. The vehicle was parked near the house where the defendant was found slightly more than one hour

---

[1] We accept the defendant's contention that the vehicle was owned by the defendant's father. The substitute bill of exceptions is ambiguous on the question of the ownership of the vehicle. In this case ownership of the vehicle is not important.

[a] 332 N.E. 2d 195, 196 (1975).

after the accident.   The judge did not have to believe the defendant's statement that he had not been out for seven hours prior to the time of the accident or that the vehicle had been stolen.   If the vehicle had not been stolen, the defendant's false report of the alleged theft within fifteen minutes of the accident permitted an inference of his consciousness of guilt.   *Commonwealth* v. *Torrealba,* 316 Mass. 24, 30 (1944).   *Commonwealth* v. *Eppich,* 342 Mass. 487, 492 (1961).   This inference, while not conclusive, could be sufficient with other evidence to prove guilt.   *Commonwealth* v. *Swartz, supra,* at 713.

There is no merit in the defendant's second argument that he was entitled to a finding of not guilty because the citation erroneously recited the time of the accident.   The variance was immaterial, in the absence of prejudice, because the time of the accident was not an essential element of the crime.   G. L. c. 277, § 35.   *Commonwealth* v. *Manooshian,* 326 Mass. 514, 516 (1950).   There is no showing that the defendant was prejudiced by the error.   He could have requested a bill of particulars. G. L. c. 277, § 40.   *Commonwealth* v. *Manooshian, supra,* at 516.

*Exceptions overruled.*