COMMONWEALTH vs. CARL Z. PETTIJOHN. November 3, 1976. This case comes here on the defendant's exception to the denial of his motion for entry of a finding of not guilty. He was charged in an indictment with having escaped from an officer of the Suffolk County house of correction while being conveyed to the Municipal Court of the Dorchester District. General Laws c. 268, § 16, as appearing in St. 1973, c. 1062, § 1, punishes escapes or attempted escapes from "any penal institution or . . . from the custody of any officer thereof." The defendant's argument that the deputy sheriff from whose custody he escaped is not an "officer" of a penal institution is without foundation. *Commonwealth* v. *Antonelli,* 345 Mass. 518, 521 (1963). Nor is the fact that the defendant was being held at the Suffolk County jail (Charles Street jail) rather than the Suffolk County house of correction fatal to the Commonwealth's case. If the essential elements of the crime are correctly stated, a defendant may not be acquitted on the ground of variance between allegations and proof unless he is thereby prejudiced in his defense. G. L. c. 277, § 35. *Commonwealth* v. *Manooshian,* 326 Mass. 514, 516 (1950). *Commonwealth* v. *Smith,* 368 Mass. 126, 129 (1975). It is clear that an escape from an officer of either a county jail or a house of correction is considered an escape from a penal institution within the

purview of G. L. c. 268, § 16. A "penal institution" is defined in the General Laws as a "correctional facility," which in turn is defined as "any building, enclosure, space or structure used for the custody, control and rehabilitation of committed offenders and of such other persons as may be placed in custody therein in accordance with law." G. L. c. 125, § 1 (k) and (d), as appearing in St. 1972, c. 777, § 8. General Laws c. 268, § 16, has been construed broadly to apply to all escaping prisoners. *Commonwealth* v. *Hughes,* 364 Mass. 426, 428 (1973) (escape while on furlough). See *Commonwealth* v. *Reed,* 364 Mass. 545 (1974) (escape from State hospital).

*Judgment affirmed.*

*Maurice F. Ford* for the defendant.
*John A. Kiernan,* Assistant District Attorney, for the Commonwealth.