COMMONWEALTH *vs.* ROBERT P. LAVOIE. May 12, 1980. The defendant appeals from a conviction on a complaint charging him with leaving the scene of a motor vehicle accident after having caused injury to property and not having made himself known. G. L. c. 90, § 24(2) (*a*). There was no error.

1. The defendant's motion for a directed verdict at the close of the Commonwealth's case was properly denied. See *Commonwealth v. Campbell,* 378 Mass. 680, 685-686 (1979). The only issue that is seriously contested on appeal is whether there was evidence sufficient to warrant a finding that the defendant left the scene without making himself known within the meaning of the statute. See Nolan, Criminal Law § 576 (1976).

The statute requires that a driver immediately make himself known. *Commonwealth v. Horsfall,* 213 Mass. 232, 236 (1913). All the evidence, albeit circumstantial (*see Commonwealth v. Smith,* 368 Mass. 126, 128 [1975]), indicates that the defendant here did not make himself immediately known. We note at the outset that the police officer who was directed to the damaged vehicle by three pedestrians did not find that anything had been left on the windshield indicating the identity of the driver of the other vehicle. We also note that the defendant, upon discovery by the officer a few blocks away from the accident, initially attempted to explain the "steaming" radiator of his then halted vehicle by stating that "[m]y car conked out." See *Commonwealth v. Swartz,* 343 Mass. 709, 713 (1962). The defendant later admitted to the officer that he had "just" been in an accident. We think a rational jury could reasonably infer that the defendant did not immediately make himself known from the evidence that shortly after examining the damaged vehicle the police officer began to search the surrounding area in an effort to find the other car and to ascertain the identity of its driver. If there had been any indication of the identity of the driver of the car, there would have been no need for the officer to commence an immediate search of the area to seek information. Contrary to the defendant's argument that a fair and equally probable inference is that he made himself known to the three pedestrians (compare *Commonwealth v. Shea,* 324 Mass. 710, 713 [1949]), we think that there would not have been such an immediate need to search the surrounding area if the defendant had made himself known to the three pedestrians. Furthermore, a still leaking radiator and the de-

fendant's admission of just being in an accident suggest a shortness of time inconsistent with his taking the time necessary to make himself known before leaving the scene.

2. Passing the question whether the defendant has properly preserved his right to challenge on appeal the judge's instructions, we conclude that the charge, read as a whole, *Commonwealth* v. *Pinnick*, 354 Mass. 13, 15 (1968), conveyed an accurate and adequate explanation of reasonable doubt. Contrary to the defendant's assertion that the judge's instructions "shifted the entire burden of proof [as to reasonable doubt]," the record reflects that immediately after the judge misspoke, he stated, "let me go back a step" and then proceeded to give a correct instruction. In short, here the flawed portion of the charge represents an isolated inadequacy corrected by a proper "emphasis on the necessity of moral certainty of guilt." *Commonwealth* v. *Williams*, 378 Mass. 217, 233 (1979). See *Commonwealth* v. *Whooley*, 362 Mass. 313, 319-320 (1972), and cases cited.

The final request by the defendant for an instruction, made at the bench conference after the judge had answered a jury question, was an incorrect statement of law, which the judge properly denied. In any event, the judge had adequately covered the point earlier in his charge. Cf. *Commonwealth* v. *Redmond*, 357 Mass. 333, 342 (1970).

*Judgment affirmed.*

*John J. Courtney, Jr.*, for the defendant.
*Rosalind Henson Miller*, Legal Assistant to the District Attorney (*Michael J. Traft*, Assistant District Attorney, with her) for the Commonwealth.