COMMONWEALTH *vs.* ELLIS CHARLES CORE. January 27, 1981. This appeal concerns a housebreak in Waltham which was perpetrated by two men at 10:30 P.M. on November 23, 1979. A neighbor alerted the police, who arrived as the two burglars were leaving. The police gave chase through backyards and apprehended one of the two. The only issue in this appeal is whether the Commonwealth's evidence was sufficient to warrant the inference drawn by the jury that the defendant was the second burglar, the one who had escaped. As neither the officers nor the neighbor could make a positive identification of the defendant, the proof was necessarily circumstantial and was as follows. The burglar who was apprehended, one Williams, did not carry identification; but a white Lincoln Continental automobile, registered to him, was found shortly after his arrest parked on the street near the house which he and his accomplice had broken into. Two wallets, one belonging to Williams and the other to the defendant, lay on the front seat. That evidence, coupled with the fact that the general police description of the second burglar (black male, medium height, average build) was consistent with his having been the defendant, strongly suggested that the two burglars had arrived together in the Continental and had left their wallets in the car for the same reason (perhaps to avoid accidental dropping of easily traced evidence or to impede identification in the event of capture) before breaking into the house. As one of the two wallet-owners was known to be one of the two burglars, an inference was warranted that the second wallet-owner was also.

Other evidence tended to corroborate that inference. Shortly before 8:00 P.M. on the evening of the Waltham housebreak, police in Acton, roughly twenty-six miles away from Waltham, responded to a radio communication by driving to an apartment house at 25 Harris Street (in Acton) and found the defendant in the vestibule. The defendant carried no identifying papers but told the police his wallet was in a white Lincoln Continental parked in the lot behind 25 Harris Street. The car was not there; but shortly thereafter the police saw a car matching that description drive past the apartment house, pursued it, and stopped it a quarter mile away. The car was the same car that was found parked near the

Waltham housebreak two and a half hours later, and the driver was the same Williams who was a participant in that break. The defendant's wallet was in the car, as he said it would be. The Acton police removed the wallet and arrested Williams for driving without a license. He was bailed out at 9:30 P.M. that same evening, leaving the Acton police station in the company of the defendant, who had not been arrested and who had been given back his wallet. The fact that the defendant's wallet was in the Continental an hour later in Waltham warrants an inference that the defendant returned to the Continental with Williams and that the two men then drove to Waltham. Compare *Commonwealth* v. *Medeiros*, 354 Mass. 193, 194-198 (1968), cert. denied sub nom. *Bernier* v. *Massachusetts*, 393 U.S. 1058 (1969). See also *Commonwealth* v. *Rand*, 363 Mass. 554, 561-562 (1973), particularly its discussion of *Commonwealth* v. *Shea*, 324 Mass. 710 (1949). When the defendant was in Acton he was wearing dungarees and a blue coat; that description was consistent with the observation by the Waltham police that the second burglar wore "dark clothes." There was also evidence that the defendant had failed to report to work his shift at the Metropolitan State Hospital (in Waltham, nearby the scene of the housebreak) the night of the burglary. Compare *Commonwealth* v. *Montecalvo*, 367 Mass. 46, 54-56 (1975). Taken as a whole the evidence warranted the jury in drawing an inference of guilt with the degree of conviction required by *Commonwealth* v. *Latimore*, 378 Mass. 671, 678 (1979).

*Judgment affirmed.*

*Willie J. Davis* for the defendant.
*Robert L. Rossi*, Assistant District Attorney, for the Commonwealth.

