After a jury-waived trial in the Boston Municipal Court, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor (OUI). He appeals, arguing error in the denial of his motion for a required finding of not guilty. We affirm.
Background. Boston police Officer Seamus Walsh was the only witness at trial. Based upon his testimony, the judge could have found that Walsh responded to a car accident on Tremont Street around 3:40 A.M. on August 3, 2014. When he arrived, Walsh observed a Mercedes-Benz and a Toyota Camry parked on the side of the road. The Camry had significant damage to the driver's side while the Mercedes was damaged on the passenger side; it appeared to Walsh "that the two had an accident where the passenger side of the Mercedes collided with the driver's side of the ... Camry." Walsh observed three people standing "[s]lightly in between [the two cars] off to the left to the driver's side in the street," and that a large crowd had gathered.
"The parties were arguing about the damage done to the cars and what had happened." The defendant was one of the three. The other two individuals, who had stated that they were in the Camry, began to get "agitated at the situation." Walsh took the defendant to the other side of the street to speak to him. As he did so, Walsh noticed a strong scent of alcohol on the defendant's breath. The defendant was unable to follow directions, was unsteady on his feet, and his eyes were red and glassy. Based on "how unsteady [the defendant] was on his feet and his inability to answer any of [Walsh's] questions," Walsh determined that he "wouldn't be able to conduct a field sobriety test safely." Walsh placed him under arrest, and the Mercedes was towed while "[t]he Camry drove away." The next day, a criminal complaint issued charging the defendant with OUI.
Discussion. The defendant argues that his motion for a required finding of not guilty should have been allowed as there was no direct or circumstantial evidence that he operated the car. In reviewing the defendant's argument, we take the evidence in the light most favorable to the Commonwealth. See Commonwealth v. Platt, 57 Mass. App. Ct. 264, 266 (2003) ("The issue turns solely on whether, viewing th[e] evidence in the light most favorable to the Commonwealth, the [fact finder] could have found, beyond a reasonable doubt, that the defendant and no other was the operator of [the] automobile at the time of the accident" [footnote omitted] ).
" 'That the case against [the defendant] was "circumstantial" in some sense of that dubious term does not suggest that the proof was insufficient.' Commonwealth v. Best, 381 Mass. 472, 483 (1980). 'While it is not necessary to prove that the defendant had the exclusive opportunity to commit the crime[ ], ... and while the inferences need not be inescapable or necessary, ... yet the evidence must be such as to convince a [fact finder] beyond a reasonable doubt that the defendant, and no one else, committed the offence[ ] charged.' Commonwealth v. Shea, 324 Mass. 710, 713 (1949)." Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 53 (2006).
Some of the circumstances that courts have relied upon in finding that a defendant was the operator are missing in this case. See, e.g., Commonwealth v. Cromwell, 56 Mass. App. Ct. 436, 439 (2002) (discussing relevant circumstantial evidence that established defendant as operator of car); Petersen, supra at 52. Here, there was no evidence about the registration of the Mercedes, and no evidence that the defendant produced any documents, including a driver's license, or had a key to the Mercedes. See Commonwealth v. Deramo, 436 Mass. 40, 43 (2002) (in applying reasonable suspicion standard to investigative stops, "courts have held that the police may, in the absence of any contrary evidence, reasonably conclude that a vehicle is likely being driven by its registered owner"); Cromwell, supra. The defendant, however, appeared unable to perform field sobriety tests or to understand what was happening at all; as a result, it is difficult to draw inferences from his apparent cooperation-except, perhaps, about his sobriety. See Commonwealth v. O'Connor, 420 Mass. 630, 632 (1995) (fact finder could infer operation from facts and circumstances surrounding accident and defendant's cooperation with field sobriety tests).
Nonetheless, taken as a whole, the circumstances support a reasonable inference that the defendant was the driver of the Mercedes, which "appeared to have recently collided with" the Camry, Cromwell, supra, and "there was no evidence tending to indicate that someone other than the defendant was operating the [Mercedes]." Petersen, supra. The defendant and the two individuals were standing next to the two cars that recently had been involved in an accident. The two individuals, not the defendant, stated to Walsh that they were in the Camry. The two individuals and the defendant began arguing about what happened, supporting an inference that the defendant, to whom the agitation of the two individuals was directed, was driving the Mercedes. That inference is strengthened by evidence that the Mercedes was towed from the scene after the defendant, who appeared intoxicated, was placed in custody, while the Camry drove away. In addition, there was no evidence "of bystander reaction to the police treating the defendant as the operator by" removing him to the other side of the street and questioning him. Cromwell, supra. Finally, as noted, there was no evidence "tending to suggest that someone other than the defendant was operating the [Mercedes]." Ibid.
In sum, we are satisfied that, on this evidence, a rational fact finder reasonably could have found beyond a reasonable doubt that the defendant was operating the Mercedes while under the influence of alcohol.
Judgment affirmed.