COMMONWEALTH *vs.* ROBERT CHATFIELD-TAYLOR.

Norfolk. October 8, 1986. — January 8, 1987.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Criminal,* Double jeopardy, Required finding, Appeal. *Constitutional Law,* Double jeopardy. *Controlled Substances. Supreme Judicial Court,* Superintendence of inferior courts.

Where a criminal defendant, following the declaration of a mistrial, claimed an appeal from the denial of his motion for a required finding of not guilty, this court, in its discretion, considered the double jeopardy issue presented by the purported appeal, rather than remanding the case to enable the defendant to move for dismissal of the indictment and, if unsuccessful, to seek relief from a single justice of this court under the superintendency power. [2-3]

Common law principles of double jeopardy did not bar the retrial of a defendant, after the jury were deadlocked at his initial trial, on an indictment charging him with being a Massachusetts practitioner who had unlawfully dispensed a Class B controlled substance in violation of G. L. c. 94C, the Controlled Substances Act, where the Commonwealth had presented sufficient evidence to warrant his convictions, including evidence from which the jurors could reasonably have inferred that the defendant was a Massachusetts practitioner. [3-7]

INDICTMENT found and returned in the Superior Court Department on August 15, 1983.

After a mistrial was declared by *Paul V. Rutledge, J.*, the defendant claimed an appeal from the denial of his motion for a required finding of not guilty.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Harvey A. Schwartz* for the defendant.

*Stephanie Martin Glennon,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The defendant, Robert Chatfield-Taylor, was charged in a multiple count indictment with being a Massachusetts practitioner who unlawfully dispensed a Class B controlled substance[1] in violation of the Controlled Substances Act, G. L. c. 94C (1984 ed.). A jury trial commenced in October, 1984, and at the conclusion of the Commonwealth's evidence, the defendant moved for a required finding of not guilty. See Mass. R. Crim. P. 25, as amended, 389 Mass. 1107 (1983). The judge denied the motion and after presentation of the defendant's case, the defendant renewed the motion for a required finding of not guilty. Again, the judge denied the motion and he submitted the case to the jury. The jury deliberated for three days without reaching a verdict. The judge declared a mistrial. The defendant moved to stay retrial pending this appeal[2] of the denial of his motions for a required finding of not guilty. We transferred the case to this court on our own motion. We conclude that the Commonwealth presented sufficient evidence to sustain a conviction under G. L. c. 94C, and therefore double jeopardy principles do not bar the defendant's retrial.

We briefly comment on the procedural posture of this case.[3] The defendant appeals to this court from the denial of his motions for a required finding of not guilty. He contends that *Berry* v. *Commonwealth*, 393 Mass. 793 (1985), permits such an appeal. In *Berry,* as in this case, the defendant filed a

---

[1] The controlled substance named in the indictment was "Percocet," classified as a Class B substance. G. L. c. 94C, § 31.

[2] This motion to stay retrial was granted.

[3] In their briefs, neither party focuses on whether this appeal is properly before this court.

motion for a required finding of not guilty at the close of the Commonwealth's evidence. *Id.* at 797. The trial judge denied that motion. Because the jury could not reach a verdict, the judge declared a mistrial. *Id.* at 794. Prior to the second trial, the defendant in *Berry* filed a motion to dismiss based on the ground that there was insufficient evidence in the first trial, and that a second trial would, therefore, "violate the common law of this Commonwealth against being twice in jeopardy as well as the prohibition against double jeopardy contained in the Fifth Amendment to the United States Constitution." *Jones* v. *Commonwealth,* 379 Mass. 607, 615 (1980). *Abney* v. *United States,* 431 U.S. 651, 654-662 (1977). After his motion to dismiss was denied, but prior to retrial, Berry sought relief from a single justice of this court pursuant to G. L. c. 211, § 3. The single justice reported the case to the full court without decision. *Berry, supra* at 794. The appropriate procedure to obtain review of the denial of a motion to dismiss based on the ground of double jeopardy is to petition for relief from the single justice pursuant to G. L. c. 211, § 3. The petition may not be filed until after the Commonwealth seeks to put the defendant on trial a second time, the defendant files a motion to dismiss, and the judge denies the motion to dismiss. See *Jones* v. *Commonwealth,* 379 Mass. 607, 615 (1980); *Costarelli* v. *Commonwealth,* 374 Mass. 677, 679 (1978); *Thames* v. *Commonwealth,* 365 Mass. 477, 477 (1974).

Although this appeal is not properly before us, the parties have fully briefed and argued the issues presented in this case. A remand to allow the defendant to file a motion to dismiss and appeal from the denial of that motion would needlessly frustrate the administration of justice. Thus, we address the merits of the defendant's claim. See *Appleton* v. *Hudson,* 397 Mass. 812, 813 n.3 (1986); *Cronin* v. *Strayer,* 392 Mass. 525, 527 (1984); *Wellesley College* v. *Attorney Gen.,* 313 Mass. 722, 731 (1943).

In considering the sufficiency of the evidence, the "question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt" (emphasis in original). *Commonwealth* v. *Latimore,* 378 Mass. 671, 677 (1979), quoting *Jackson* v. *Virginia,* 443 U.S. 307, 318-319 (1979). Evidence and the inferences which may be drawn from the evidence "must be 'of sufficient force to bring minds of ordinary intelligence and sagacity to the persuasion of [guilt] beyond a reasonable doubt.'" *Latimore, supra* at 677, quoting *Commonwealth* v. *Cooper,* 264 Mass. 368, 373 (1928). We look to the evidence adduced at the close of the Commonwealth's case. *Commonwealth* v. *Casale,* 381 Mass. 167, 168 (1980). *Commonwealth* v. *Kelley,* 370 Mass. 147, 150 (1976).

The essential elements of the crime of unlawful dispensing of a controlled substance[4] are set out in G. L. c. 94C, § 19, which states that "[a] prescription for a controlled substance [is valid if it is] issued for a legitimate medical purpose by a practitioner acting in the usual course of his professional practice."[5] See *Arthurs* v. *Board of Registration in Medicine,* 383 Mass. 299 (1981); *Commonwealth* v. *Eramo,* 377 Mass. 912 (1979).[6] "Practitioner" is specially defined in § 1 of G. L. c. 94C as "[a] physician, dentist, veterinarian, podiatrist, scientific investigator, or other person registered to distribute [or] dispense . . . a controlled substance in the course of professional practice . . . ." The registration referred to in the definition

---

[4] Both §§ 19 and 32A are involved in the crime of unlawful dispensing of a controlled substance. Section 19(a) states, in addition to the language quoted above, that "[a]n order purporting to be a prescription issued not in the usual course of professional treatment . . . is not a prescription within the meaning and intent of section one . . . ."

Section 32A(*a*) states that "[a]ny person who knowingly or intentionally manufactures, distributes, dispenses, or possesses with intent to manufacture, distribute, or dispense a controlled substance in Class B of section thirty-one shall be punished" by imprisonment or by a fine or by both.

[5] The reference in § 19 to the punishment provisions of the statute was amended after the commission of the offense. See St. 1982, c. 650, § 1. This revision is not involved in the issue before us.

[6] The Commonwealth assumes that it must prove, as an element of the crime, that the defendant is a "practitioner." Thus, we address this issue raised and leave open the question whether § 19 requires the Commonwealth to prove that the defendant is a practitioner as well as the fact that the prescription was not issued for a legitimate medical purpose in the usual course of professional practice.

of practitioner involves registration with the Commissioner of Public Health.[7] The Commonwealth has proceeded on the assumption that, as part of its case, it must prove that the defendant is registered with the Commissioner of Public Health, and so fits the § 1 definition of practitioner.[8]

We recite the evidence in the light most favorable to the Commonwealth. Although there was no direct evidence that the defendant is a Massachusetts practitioner,[9] there was sufficient evidence presented from which the jurors might reasonably infer that the defendant is a Massachusetts practitioner. The Commonwealth presented evidence that the defendant had an office in Brookline. Moreover, there was evidence that the defendant held himself out as a physician. Copies of the defendant's prescription blanks[10] and stationery,[11] both inscribed with his name followed by the initials "M.D.," were introduced as exhibits. There was testimony from an investigating trooper that the defendant was treating patients as a psychiatrist. An expert for the Commonwealth further clarified for the jury that a psychiatrist is a physician.[12]

---

[7] General Laws c. 94C, § 7, outlines the process by which a physician registers with the Commissioner of Public Health so that he may lawfully dispense controlled substances.

[8] Appellate counsel for the Commonwealth was not the prosecuting attorney.

[9] Proof that the defendant is a practitioner is not difficult. As the Commonwealth conceded in oral argument, a certified copy of a public record from the Department of Public Health showing the defendant's registration would have been sufficient to prove that the defendant was a Massachusetts practitioner.

[10] The defendant's prescription blanks included his name followed by the initials "M.D." Also the blank had a Federal Drug Enforcement Agency registration number. See note 13, infra.

[11] The letter written on the defendant's stationery was not included in the record before us. The Commonwealth states that the stationery bears the title "Robert F. Chatfield-Taylor, Jr., M.D."

[12] The Commonwealth points to other events occurring during the trial to support its contention that the evidence was sufficient to prove the defendant was a practitioner. In particular, the Commonwealth mentions the voir dire of prospective jurors, statements of counsel during trial, as well as counsel's closing argument. Such statements of counsel and questions by the judge are not evidence.

In addition to this evidence concerning the defendant's status as a physician practicing in Massachusetts, a copy of a Federal Drug Enforcement Administration (DEA) order form for a controlled substance with the defendant's DEA number was admitted by stipulation.[13] This order form stated that the defendant was registered with the DEA as a "practitioner."[14] The evidence also showed that the defendant's prescriptions were regularly accepted and filled at various pharmacies throughout the Commonwealth. Under the Controlled Substances Act, pharmacies have a corresponding duty to fill only those prescriptions issued by Massachusetts practitioners.[15]

Finally, the judge in his instructions left it to the jury to determine if the Commonwealth proved that the defendant was a Massachusetts practitioner. We think that the evidence, and the reasonable inferences therefrom, were sufficient to permit

---

[13] The Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 801 et seq. (1982 ed. and Supp. 1986), and the regulations promulgated thereunder, 21 C.F.R. §§ 1301 et seq. (1986), require physicians who distribute controlled substances to register with the DEA. Upon registration, the individual is issued a certificate of registration, which includes the DEA number of the applicant. 21 C.F.R. § 1301.44. The DEA issues order forms to registered physicians, which contain the name, address and Federal registration number of the applicant, to facilitate the purchase of controlled substances for use in the physician's practice. 21 C.F.R. § 1301.05(d). The DEA order form was offered not on the issue of whether the defendant was a practitioner but because of the defendant's wholesale purchase of Percodan.

[14] Both the Massachusetts statute and the Federal statute use the term "practitioner." Under the Massachusetts law, a practitioner is one who is registered with the Commissioner of Public Health. G. L. c. 94C, § 1. Under the Federal law, a practitioner is one who is registered with the DEA *or* the jurisdiction in which he practices. 21 U.S.C. § 802(20). Thus, this form, standing alone, would not be sufficient to prove that the defendant is a Massachusetts practitioner.

[15] General Laws c. 94C, § 19(*a*), provides, in relevant part: "The responsibility for the proper prescribing and dispensing of controlled substances shall be upon the prescribing practitioner, but a corresponding responsibility shall rest with the pharmacist who fills the prescription. An order purporting to be a prescription issued not in the usual course of professional treatment . . . is not a prescription within the meaning and intent of section one and the person knowingly filling such a purported prescription . . . shall be subject to the penalties provided by sections [32-32H]."

the jurors to conclude that the defendant was a Massachusetts practitioner.[16]

We add that the prosecutor made this a close issue unnecessarily. The prosecutor merely had to offer a certified copy of the defendant's registration with the Department of Public Health to prove that the defendant was a Massachusetts practitioner. See *supra,* note 9. The ease of the proof is indicated by the fact that this is the first case in which this issue has arisen. See, e.g., *Commonwealth* v. *Perry,* 391 Mass. 808 (1984); *Commonwealth* v. *Comins,* 371 Mass. 222 (1976), cert. denied, 430 U.S. 946 (1977); *Commonwealth* v. *Miller,* 361 Mass. 644 (1972). There is no justification for turning proof of the defendant's status as a "practitioner" into a close issue.

We conclude that the principles of double jeopardy do not bar retrial of the defendant, and remand the case to the Superior Court for further proceedings.

*So ordered.*

---

[16] It also is clear from the record that the jurors' inability to reach a decision resulted not from the evidence concerning the defendant's status as a practitioner but from the evidence as to the defendant's intent. As we said in *Commonwealth* v. *Comins,* 371 Mass. 222, 232 (1976), cert. denied, 430 U.S. 946 (1977), "[t]o prove the crime, the physician's purpose, his state of mind, must be shown to have been such that he was not intending to achieve a legitimate medical objective." The Commonwealth's evidence on this issue included a statement by one patient that the defendant was attempting to get her to stop using drugs. In addition, an expert for the Commonwealth stated that, although the defendant may not have been using accepted medical practice, his objective was legitimate in that he was trying to get people to stop taking drugs.