COMMONWEALTH vs. ADAM K. GINNETTI.

Barnstable. February 2, 1987. — June 4, 1987.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal*, Appeal, Required finding, Double jeopardy. *Motor Vehicle*, Operating under the influence. *Words*, "Operates."

This court held that, under G. L. c. 90, § 24, prohibiting the operation of a motor vehicle on a public way while under the influence of intoxicating liquor, a vehicle with a functioning engine is not inoperable, and does not lose its character as a vehicle, merely because it is immovable due to road or other conditions not involving the vehicle itself. [183-184]

At the trial of a complaint for operating a motor vehicle on a public way while under the influence of intoxicating liquor, there was sufficient evidence to warrant a finding that the vehicle was operable and that the defendant was its operator at the time a police officer, at approximately 1:00 A.M., observed the vehicle straddling a sidewalk with its front wheels on a public way, and the defendant, while intoxicated, sitting in the driver's seat attempting without success to move the vehicle from the sidewalk by spinning the tires forward and backward. [183-184]

COMPLAINT received and sworn to in the Barnstable Division of the District Court Department on July 23, 1984.

On transfer to the jury session of that court, the case was tried before *John M. Xifaras, J.*

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*C. Samuel Sutter, Jr.*, for the defendant.

*Demetria A. Propas*, Assistant District Attorney, for the Commonwealth.

O'CONNOR, J. The defendant was tried before a jury of six on a complaint that he had operated a motor vehicle on a public way while under the influence of intoxicating liquor, in violation of G. L. c. 90, § 24 (1984 ed). That statute provides in pertinent part that "[w]hoever, upon any way or in any place

to which the public has a right of access, or upon any way or in any place to which members of the public have access as invitees or licensees, operates a motor vehicle while under the influence of intoxicating liquor . . . shall be punished by a fine of not less than one hundred nor more than one thousand dollars, or by imprisonment for not more than two years, or both." § 24 (1) (*a*) (1). At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty. See Mass. R. Crim. P. 25, as amended by 389 Mass. 1107 (1983). The judge denied the motion. At the conclusion of all the evidence, the defendant renewed his motion for a required finding of not guilty. Again, the motion was denied. The judge submitted the case to the jury but they were unable to reach a verdict. The judge, without objection by the defendant, declared a mistrial. The defendant appealed. We transferred the case to this court on our own motion. The defendant argues that the judge erred in denying his motions for a required finding of not guilty because the Commonwealth failed to prove that he had "operate[d]" a vehicle within the meaning of the statute, and that he had operated it on a public way. There was no error.

At the outset, we note that both parties have failed to address the question whether an appeal properly lies from the denial of a motion for a required finding of not guilty when the judge subsequently declares a mistrial and the Commonwealth has not sought to retry the defendant. Recently, we held that, in such a situation, an appeal is premature and therefore improper. *Commonwealth* v. *Chatfield-Taylor*, 399 Mass. 1, 2-3 (1987). In that case we advised that the appropriate procedure is for the defendant to file a motion to dismiss in the trial court. If the motion is denied, and the Commonwealth seeks to retry the defendant, the defendant may seek relief from the single justice pursuant to G. L. c. 211, § 3. *Id.* at 3. Cf. *Berry* v. *Commonwealth*, 393 Mass. 793, 794 (1985). Only at this stage of the proceedings is a defendant entitled to a review of the legal sufficiency of the evidence, to determine whether double jeopardy principles bar retrial. See *Commonwealth* v. *Chatfield-Taylor, supra* at 3; *Berry* v. *Commonwealth, supra* at 798. Nevertheless, because *Chatfield-Taylor* was decided after

the defendant filed his notice of appeal in this case, and in the interests of efficiency, see *id.* at 3, we decline to hold the defendant to the dictates of that decision. Accordingly, we reach the merits of his appeal.

In reviewing the sufficiency of the evidence, we consider "whether the Commonwealth produced enough evidence, taken in the light most favorable to the Commonwealth, to satisfy any rational trier of fact beyond a reasonable doubt that each element of the crime was present." *Commonwealth* v. *Hilton*, 398 Mass. 63, 64 (1986). *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979). Based on the evidence presented, the jury could have found the following facts. On July 22, 1984, at approximately 1:00 A.M., Yarmouth patrolman Thomas J. Rooney observed a vehicle straddling a four-foot wide sidewalk next to Rascal's Saloon on Route 28 in West Yarmouth. The vehicle's front tires were on Route 28, while its rear tires were on a parking lot adjacent to the saloon. As the officer approached the vehicle, he observed the defendant sitting in the driver's seat attempting to move the vehicle from the sidewalk by spinning the tires forward and backward. Although the wheels were spinning, the vehicle remained stationary. The defendant was intoxicated. Eventually, five people pushed the vehicle from its position.

The defendant argues that the evidence did not warrant a finding that, while the vehicle was straddling the sidewalk, it was being "operated," or that, at that time, the vehicle was on a public way. The defendant contends that the only evidence was that, when the police officer discovered the vehicle, it could not move under its own power. Thus, says the defendant, at that time the vehicle could not have been operated by anyone. We disagree.

An individual "operates" a motor vehicle within the meaning of G. L. c. 90, § 24, "when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle. The words of the statute . . . include the setting in motion of the operative machinery of the vehicle as well as the driving of the vehicle under the power of the

motor machinery." *Commonwealth* v. *Uski*, 263 Mass. 22, 24 (1928). Stated somewhat differently, a person, such as the defendant here, operates a motor vehicle by starting its engine or by making use of the power provided by its engine. We hold that a vehicle with a functioning engine is not inoperable, and does not lose its character as a vehicle, merely because it is immovable due to road or other conditions not involving the vehicle itself. Cf. *State* v. *Standish*, 116 N.H. 483, 484 (1976) (vehicle not rendered "inoperable" as a result of collision which caused extensive damage and which required that vehicle be towed from scene of accident). Therefore, the evidence was sufficient to prove that the vehicle in this case was operable and that the defendant was its operator.[1]

The defendant concedes that Route 28 is a public way. For purposes of G. L. c. 90, § 24, then, the evidence that the defendant, while intoxicated, operated the vehicle while its front wheels were on Route 28, was enough to prove his guilt. It was not necessary for the Commonwealth to show that all four wheels were on the road. To construe the statute as requiring that the vehicle be fully on the road would not advance its purpose of protecting the public from intoxicated drivers. See *Commonwealth* v. *Connolly*, 394 Mass. 169, 172-173 (1985). Accordingly, double jeopardy principles do not bar retrial of the defendant. See *Berry* v. *Commonwealth, supra* at 794. We therefore remand the case to the District Court for further proceedings.[2]

*So ordered.*

---

[1] We intimate no view on whether a vehicle unable to move because of mechanical failure may nevertheless be operable if its engine runs.

[2] In view of our conclusion, we do not consider the Commonwealth's alternative argument that the evidence warranted a finding that, before the vehicle reached the sidewalk, the defendant had driven it in a "place to which the public ha[d] a right of access," in violation of c. 90, § 24.