NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-772

COMMONWEALTH

vs.

STEVEN BELLISLE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the District Court, the defendant was convicted of operating a motor vehicle under the influence of intoxicating liquor (OUI) and negligent operation of a motor vehicle.[1] He appeals, challenging the sufficiency of the evidence of operation and, as to the OUI conviction, intoxication. We affirm.

Discussion. At trial, the defendant moved for required findings of not guilty on both charges at the close of the Commonwealth's evidence; he renewed his motion at the close of his own case.[2] The judge denied each of these motions.

---

[1] At the Commonwealth's request, the judge dismissed a charge of unlicensed operation of a motor vehicle; the judge found the defendant not responsible for a civil marked lanes violation.
[2] In each instance, the defendant challenged only the elements of operation and intoxication.

1.  Standard of review.  In conducting a de novo review of the judge's rulings, Commonwealth v. Hamilton, 83 Mass. App. Ct. 406, 410 (2013), we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).  In conducting our analysis, we are mindful that "[a] conviction may be based on circumstantial evidence alone," Commonwealth v. Platt, 440 Mass. 396, 401 (2003), and "[t]he Commonwealth need not 'exclude every reasonable hypothesis of innocence' to prove its case." Id., quoting Commonwealth v. Merola, 405 Mass. 529, 533-534 (1989).  Further, "[i]f the evidence lends itself to several conflicting interpretations, it is the province of the jury to resolve the discrepancy and 'determine where the truth lies.'"  Platt, supra, quoting Commonwealth v. Lydon, 413 Mass. 309, 312 (1992).

2.  Operation.  Viewing the evidence in the required light, a rational trier of fact could have found that the defendant was the operator of the crashed automobile found blocking the roadway at approximately 12:11 A.M., on May 20, 2018.  See G. L. c. 90, § 24; Commonwealth v. Ginnetti, 400 Mass. 181, 183 (1987).  The car was still running when the witnesses encountered it, showing that it had been recently driven, and

2

the defendant, whom the jury could have concluded was attempting to conceal himself in a construction site approximately fifty yards from the car, was the only person in the area.  See Commonwealth v. Congdon, 68 Mass. App. Ct. 782, 783 (2007); Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 52-53 (2006); Commonwealth v. Henault, 54 Mass. App. Ct. 8, 14-15 (2002).  The defendant tacitly admitted that he had been driving the car by telling officers that he had been traveling from Providence, see Congdon, supra at 784 n.1, and, significantly, the defendant had in his pocket what the jury could have concluded was the missing half of a broken key fob still present in the damaged car.[3]  See Commonwealth v. Adams, 421 Mass. 289, 291 (1995); Petersen, supra at 52.

3.  Intoxication.  Likewise, the jury could readily have found that the defendant was under the influence of alcohol when operating the car.  First, the jury could have considered the position and condition of the car at the relevant times as evidence of the driver's intoxication -- both the Commonwealth's civilian witness and the arresting officer testified that the

---

[3] That the witness did not physically attempt to match the broken fob in the defendant's possession with the broken fob in the vehicle does not require a different result.  It was for the jury to assess the witness's opinion, based on his observation of both items, that "the key that was in [the defendant's] pocket and the key that was in the ignition was the same key." See Mass. G. Evid. § 701 (2023).

car was running but stopped against the curb of the roadway, positioned across rather than in the travel lane, and appeared to have crashed there.[4]  See Commonwealth v. Proia, 98 Mass. App. Ct. 125, 129 (2020).

Second, the jury could have credited the opinions of the arresting officer and the Commonwealth's civilian witness that the defendant was intoxicated at the scene.[5]  See Commonwealth v. Canty, 466 Mass. 535, 541 (2013).

Third, there was evidence before the jury that at the relevant times, the defendant demonstrated classic indicia of intoxication, including unsteadiness, bloodshot and glassy eyes, slurred speech, and the odor of an alcoholic beverage emanating from his person.  See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392-393 (2017).  Additionally, the arresting officer testified that at booking, the defendant made statements indicating that he believed he was in "Warwick" rather than in

---

[4] There was evidence that both front seat air bags had deployed.
[5] On direct examination, the civilian witness testified that the defendant "was actually stumbling and looked very intoxicated." Although on cross-examination, the witness agreed that this opinion was "an assumption [the witness was] making . . . know[ing] what [the defendant was] being charged with," we defer to the jury's assessment of the weight and credibility of the civilian's opinion.  See Commonwealth v. Bigley, 85 Mass. App. Ct. 507, 511 (2014), quoting Commonwealth v. Moon, 380 Mass. 751, 756 (1980) ("The determination of the weight and credibility of the testimony is the function and responsibility of the judge who saw and heard the witnesses, and not of this court").

Wrentham, that he told the arresting officer that he did not know where he was going on the night of the arrest, and that he had had "too much" to drink that night before encountering the police. See id. This evidence was more than sufficient to overcome the defendant's motion for a required finding of not guilty at the close of the Commonwealth's case.

Nor did the Commonwealth's case deteriorate once the defendant presented his case, which was limited to the introduction into evidence of records of his dental surgery three days before his arrest on the charges at issue here. While the defendant's evidence could have provided the jury with an alternate reason for the defendant's slurred speech on the night of his arrest, it did not show any of the Commonwealth's evidence to be "incredible or conclusively incorrect" and, as a result, did not deteriorate the Commonwealth's proof. See Commonwealth v. Gomez, 450 Mass. 704, 710 (2008), quoting

Commonwealth v. O'Laughlin, 446 Mass. 188, 203 (2006).  See also Commonwealth v. Walter, 10 Mass. App. Ct. 255, 260-261 (1980).

Judgments affirmed.

By the Court (Desmond, Hand & Hodgens, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  October 27, 2023.

---

[6] The panelists are listed in order of seniority.