COMMONWEALTH *vs.* GEORGE I. PEARSON, JR. October 4, 1971. The defendant was found guilty of operating a motor vehicle upon a public way "negligently so that the lives and safety of the public might be endangered." The sole question in this case, which was raised by the denial of the defendant's motion for a directed verdict, is "Was there sufficient evidence to take the case to the jury?" In our view there was no error. An automobile accident which caused the deaths of three people gave rise to the indictment. One witness testified that approximately one hour before the accident he saw the defendant behind the wheel of an automobile parked near the center of the town of Plymouth. This was eight or ten miles from the point of the accident. The witness also testified that at that time there was a girl in the front seat beside the defendant and a boy and a girl sitting in the rear seat. A second witness testified that he was a passenger in an automobile traveling on the road near the point of the accident; the car in which he was traveling was forced to stop when it approached a car parked in the middle of the road. The driver of the first car "beeped the horn," and the other vehicle, in which the defendant was riding, pulled off the road. Although it was dark the headlights of the witness's car were on, and as the vehicle passed, the witness noted that the driver of the other car wore sideburns. Subsequently the defendant's car passed the witness's car at a high rate of speed and crashed into a telephone pole. The defendant was found unconscious in the front seat on the passenger's side; the other male occupant was found outside and to the right rear of the car. One girl's body was found outside the car; the second girl's body was found half outside and half inside the rear of the car. It could have been inferred from the evidence that one girl was in the rear seat with the other male occupant and that the deceased girl found on the outside of the car was a passenger in the front with the operator. An additional witness for the Commonwealth testified that at the

hospital he held the defendant's arms to prevent them from swinging while a doctor treated the defendant's head. At that time the witness observed that the defendant was wearing sideburns. There was evidence that the other male occupant never wore sideburns. This recital indicates that there was sufficient evidence for the judge to submit the case to the jury. *Commonwealth* v. *Grieco*, 323 Mass. 639, 642. From the facts established the jury could have drawn such inferences as were reasonable and warranted to induce in their minds a belief and conviction that the offence charged had been proved to a moral certainty. *Commonwealth* v. *Wallace*, 326 Mass. 393, 396.

*Judgment affirmed.*

*Allan H. Tufankjian* for the defendant.
*Dennis L. Collari,* Assistant District Attorney, for the Commonwealth.