COMMONWEALTH *vs.* JOHN J. MULLEN.

Plymouth.     February 15, 1974. — January 30, 1975.

Present: ROSE, GOODMAN, & GRANT, JJ.

*Evidence,* Of identity.   *Motor Vehicle,* Operation.

At a criminal trial evidence that the defendant owned an automobile which had crashed into a fence, that he had been driving the vehicle some hours before the accident, that shortly after the accident the defendant was found drunk and injured lying about fifteen feet from the right side of the car while another man was found dead, partially in the right front of the automobile, and that the defendant made some false statements to a police officer after the accident, was insufficient to warrant a finding that the defendant was operating the vehicle at the time of the crash. [26-27]

INDICTMENTS found and returned in the Superior Court on January 10, 1972.

The cases were heard by *Bennett, J.*

*Joseph F. Killion* for the defendant.

*Daniel F. Murray,* Assistant District Attorney, for the Commonwealth.

GOODMAN, J.   The defendant was found guilty at a jury-waived trial of violating G. L. c. 90, § 24 (1) (a) — drunken driving — and G. L. c. 90, § 24 (2) (a) — operating a motor vehicle so as to endanger. He was found not guilty of manslaughter. We sustain his contention in these appeals (G. L. c. 278, §§ 33A-33G) that there was insufficient evidence that he was the operator of the automobile.

At about 2:00 A.M. in Hingham, an automobile going north on a four-lane highway was seen to veer suddenly to the left, skid diagonally across the center dividing line, cross the other two lanes, and, still facing north, strike a concrete post safety fence. The automobile ended up facing south and straddling the fence, four posts of which were broken. When a police officer arrived shortly thereafter (the police station was only six hundred feet away, and the accident was immediately reported), he found the defendant over the side of an embankment about ten to fifteen feet from the right side of the automobile and slightly to the rear of the right rear wheel. He was semi-conscious and bleeding, and his clothes were torn. The officer also observed the front passenger door open[1] and a man, who was dead and turned out to be the defendant's roommate, "in a U-shape, his right foot being out under the passenger door, his left foot under the engine; his head and shoulders were up in the framework of the car, his head being against the floor." The death certificate describes the cause of death as "[s]evere crushing injury to right side of chest." The defendant was taken to the hospital on a stretcher and received stitches on the top and on the side of his head.

This evidence was insufficient to permit an inference that the defendant was driving. If anything, the fact that the defendant was apparently thrown clear of the automobile through the door on the passenger side while the deceased remained in the automobile is some indication that the defendant was sitting in the passenger seat rather than in the driver's seat. The Commonwealth made no attempt, by expert testimony or otherwise, to remedy this obvious lacuna, and it did not call any medical witnesses who might have shed some light on how any of the injuries occurred. The added evidence that the defendant owned the automobile and his testimony that he had driven it from his home in Quincy to Nantasket between 8:00 P.M. and 8:20 P.M. the previous evening does not sufficiently strengthen

---

[1] From the photographs taken at the scene it appears that the door on the driver's side was shut.

the Commonwealth's case to permit a finding beyond a reasonable doubt that the defendant, and no one else, was driving at 2:00 A.M. in Hingham. *Commonwealth* v. *Shea*, 324 Mass. 710, 712-713 (1949). See *Commonwealth* v. *Boone*, 356 Mass. 85, 87 (1969). Cf. *Commonwealth* v. *Pearson*, 360 Mass. 851 (1971); *Commonwealth* v. *La-France*, 361 Mass. 53, 56 (1972); *Commonwealth* v. *Rand*, 363 Mass. 554, 562 (1973), and cases cited.

The Commonwealth points to evidence of consciousness of guilt in the testimony of the police officer that, while (as the officer testified) the defendant was injured and drunk, he said he didn't know the deceased and that he had been walking along the side of the road and had been struck by an automobile. (He did admit owning the automobile involved.) The Commonwealth also attacks the credibility of the defendant's trial testimony that he did not remember the police officer's questioning or any of the preceding events from midnight on. But this is not enough to resolve the uncertainty and permit a choice between, at the very most, equal inferences. *Commonwealth* v. *Fancy*, 349 Mass. 196, 201 (1965). *Commonwealth* v. *Spina*, 1 Mass. App. Ct. 805 (1973). Cf. *Commonwealth* v. *Smith*, 342 Mass. 180, 184 (1961); *Commonwealth* v. *Swartz*, 343 Mass. 709, 713 (1962); *Commonwealth* v. *Connors*, 345 Mass. 102, 105-106 (1962); *Commonwealth* v. *Smith*, 350 Mass. 600, 606-607 (1966) — cases in which the circumstances permitted an inference of guilt where their significance was sufficiently clear, and such significance was enhanced by conduct or statements evidencing consciousness of guilt.

*Judgments reversed.*

*Findings set aside.*

*Judgment to be entered for the defendant on each indictment.*