NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1926                                              Appeals Court

COMMONWEALTH  vs.  AMY B. BELTRANDI.

No. 14-P-1926.

Hampshire.     December 14, 2015. - March 14, 2016.

Present:  Grainger, Hanlon, & Agnes, JJ.

Motor Vehicle, Operating under the influence, Operation.
    Practice, Criminal, Required finding, Argument by
    prosecutor, Witness.  Evidence, Absence of witness.
    Witness.

Complaint received and sworn to in the Eastern Hampshire
Division of the District Court Department on May 29, 2012.

The case was tried before John M. Payne, Jr., J.

Tara B. Ganguly for the defendant.
Cynthia M. Von Flatern, Assistant District Attorney, for
the Commonwealth.

AGNES, J.  In this appeal from her conviction of operating

a motor vehicle on a public way while under the influence of

alcohol in violation of G. L. c. 90, § 24(1)(a)(1), the

defendant raises two issues.  First, she argues that the

Commonwealth presented insufficient evidence to permit the jury

to find beyond a reasonable doubt that she operated the vehicle. While the question is a close one, we conclude that on the basis of the circumstantial evidence presented by the Commonwealth, the jury were entitled to draw a reasonable inference that the defendant was the operator of the vehicle. Second, she argues that the prosecutor's closing argument was improper because in the absence of a missing witness instruction, the prosecutor should not have urged the jury to draw an adverse inference against the defendant due to the absence of a potential witness. We agree with the defendant that the prosecutor's closing argument was improper, and conclude that it constituted prejudicial error. Accordingly, we reverse.

Background. Viewing the evidence in the light most favorable to the Commonwealth, the jury could have found that at approximately 2:30 A.M. on May 29, 2012, a resident of Ware awoke to see a truck (later identified as a 2006 Toyota Tacoma pickup truck) stopped on Route 9 (Belchertown Road). Two-thirds of the vehicle was in the road and about one-third was over the fog line. The resident placed a telephone call to 911. Officer Scott Underwood of the Ware police department arrived soon thereafter. Initially, he saw the truck in the westbound lane, with its engine running and its lights out. He noticed that the windows were fogged up. He did not see any movement inside the vehicle. While standing at the vehicle's back bumper, he saw "a

female party in the driver's seat, male party in the passenger seat."[1] Officer Underwood rapped on the fogged up window on the driver's side several times before the defendant, the person seated in the driver's seat, rolled down the window. The defendant and her companion were only partially clothed. The parties dressed at the officer's request. The defendant stated that she and her companion were on their way home from a bar which she identified correctly by name, but incorrectly located in Chicopee. The defendant told Officer Underwood that she and her companion had been engaged in "sexual activity." Based on his observations of the defendant while she was seated inside the vehicle and later after she exited and performed several field tests, Officer Underwood formed the opinion that she was intoxicated and placed her under arrest. Officer Underwood also testified that the vehicle was registered to the defendant's husband, who was not the male companion in the vehicle.[2]

---

[1] When asked if he saw the parties moving, he testified that "[a]s I approached the parties were separating."

[2] Defense counsel objected that this testimony was inadmissible hearsay, and explained why its admission as substantive evidence would be prejudicial to the defendant. Neither the prosecutor nor the judge identified an applicable hearsay exception that would make such testimony admissible. The judge overruled the defendant's objection. The fact that the defendant testified that the truck belonged to her husband does not make Officer Underwood's testimony admissible. We assume that if the Commonwealth chooses to offer evidence of the vehicle's registration at a future trial, it will do so on the

At trial, the defendant did not dispute that the vehicle had been operated on a public way, or that she was intoxicated at the time of her arrest, but instead challenged whether the Commonwealth proved that she had operated the vehicle.[3] The defendant's companion was living in California at the time of trial, and was not available as a witness for either party.

Discussion. 1. Standard of review. We review the denial of a motion for a required finding of not guilty by examining the evidence, along with permissible inferences from that evidence, in the light most favorable to the Commonwealth and determine whether a reasonable jury could find each essential element of the crime beyond a reasonable doubt. Commonwealth v. Penn, 472 Mass. 610, 618-619 (2015). "To survive a motion for a required finding, it is not essential that the inferences drawn

---

basis of competent evidence. See Mass. G. Evid. § 803(8) (2015).

[3] Apart from Officer Underwood and the resident who had called 911, the defendant was the only other witness who testified at trial. She stated that she and her companion were at a club in South Hadley earlier that evening. They were drinking alcoholic beverages. When it came time to leave, she testified that she asked her companion to drive because she was intoxicated. She also testified that after leaving the bar he stopped the vehicle and she got on top of him to have intercourse. She was facing him with her back to the steering wheel. She testified that when she saw the blue lights of Officer Underwood's cruiser, she raised herself up and her companion slid over to the passenger seat because "[i]t was a whole lot easier access for him to get into the passenger seat than it was me at that point in the positioning that I was in." The defendant denied that she had operated the vehicle at any time that evening after leaving the bar.

are necessary inferences.  It is enough that from the evidence presented a jury could, within reason and without speculation, draw them."  Commonwealth v. Gonzalez, 47 Mass. App. Ct. 255, 257 (1999).  This principle is no less true in a case like this in which proof of an essential element of the offense (operation) rests entirely on circumstantial evidence.  See Commonwealth v. Platt, 440 Mass. 396, 401 (2003).

2.  Sufficiency of the evidence to prove operation.  "An individual 'operates' a motor vehicle within the meaning of G. L. c. 90, § 24, 'when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle.'"  Commonwealth v. Ginnetti, 400 Mass. 181, 183 (1987), quoting from Commonwealth v. Uski, 263 Mass. 22, 24 (1928).  See Commonwealth v. Eckert, 431 Mass. 591, 599 (2000) (intentional act of starting the vehicle constitutes operation); Commonwealth v. Sudderth, 37 Mass. App. Ct. 317, 320 (1994) (intoxicated driver asleep in vehicle with key in ignition and engine running is operating the vehicle); Commonwealth v. McGillivary, 78 Mass. App. Ct. 644, 645-647 (2011) (placing the key in the ignition and turning the electricity on without starting the engine is operation).

Direct evidence that the defendant operated the vehicle is not required.  Commonwealth v. Woods, 414 Mass. 343, 354-355,

cert. denied, 510 U.S. 815 (1993).  "A web of convincing proof can be made up of inferences that are probable, not necessary." Commonwealth v. Hilton, 398 Mass. 63, 67 (1986), quoting from Commonwealth v. Best, 381 Mass. 472, 483 (1980).[4]  However, an

_____

[4] For cases in which proof of operation was based entirely or predominantly on circumstantial evidence, see Commonwealth v. Smith, 368 Mass. 126, 127-129 (1975) (there was only one person inside the vehicle that left the scene of an accident; a vehicle belonging to the defendant was parked outside his sister's home within one hour of the crime, had a warm radiator and was damaged, having on it red paint which appeared to be the same color as one of the vehicles that had been struck, and the defendant made a false report to the police that his vehicle had been stolen); Commonwealth v. Hilton, 398 Mass. at 65 (the defendant was alone inside an automobile parked half on the street and half on the sidewalk, with its lights and engine off; the defendant appeared to be asleep with her feet on the floor near the brake and accelerator pedals; the keys were in the ignition; the defendant told the police she was on her way back to Lynn after dropping off a friend in Reading); Commonwealth v. Otmishi, 398 Mass. 69, 71 (1986) (the defendant was found alone in the automobile, which was parked, askew in the street, several feet from the curb, with the lights on and motor running; the defendant told police he had come from a bar some distance away); Commonwealth v. Platt, 440 Mass. at 397-399, 401-403  (the defendant's vehicle was found upside down on a person's front lawn; the defendant admitted that he had been driving the car within one hour of its discovery; the defendant reported his vehicle stolen five and one-half hours later and gave two conflicting accounts of the theft); Commonwealth v. Cromwell, 56 Mass. App. Ct. 436, 437-439 (2002) (a car registered to the defendant struck another vehicle in the rear; the defendant was "shaking all over"; the defendant told the police that the vehicle that caused the accident belonged to him); Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 52 (2006) (there was sufficient evidence of operation where the engine was still warm, the defendant had keys, the defendant was registered owner, appeared intoxicated, agreed to and complied with sobriety tests, and no evidence indicated that someone else operated the car); Commonwealth v. Congdon, 68 Mass. App. Ct. 782, 782-784 (2007) (no one was inside the vehicle, which was found by the side of the road with its engine running but

inference from circumstantial evidence that a person was the operator of a vehicle is not reasonable if the fact finder must resort to "speculation, conjecture or surmise." Commonwealth v. Shea, 324 Mass. 710, 714 (1949).

The defendant contends that this case is like those cases in which the presence of a second person in the vehicle renders the inference that the defendant was the operator unreasonable. For example, in Commonwealth v. Mullen, 3 Mass. App. Ct. 25 (1975), the defendant and a companion were traveling north on a four-lane highway in Hingham in an automobile that suddenly veered across the center dividing line, crossed the two lanes on the other side, and struck a concrete fence. The defendant, who was intoxicated, was found about ten to fifteen feet outside the vehicle and over the side of an embankment, slightly to the rear of the right rear wheel. The defendant's companion did not survive the crash. He was "in a U-shape, his right foot being

disabled by two flat tires; responders observed the defendant emerge from nearby woods; the defendant stated she was coming from a friend's house in Sherborn and was on her way to Canton or Milton; no one else besides the defendant emerged from the woods or was in the vicinity); Commonwealth v. Flanagan, 76 Mass. App. Ct. 456, 457-458, 464 (2010) (the defendant was found on the front seat floor of an SUV which crossed lanes and struck vehicles headed in the opposite direction; she was the sole occupant, no responder could open either of the front doors to the SUV, and the jaws of life were required to remove her). See also Commonwealth v. Henry, 338 Mass. 786 (1958); Commonwealth v. Rand, 363 Mass. 554, 561-562 (1973) (circumstantial evidence sufficient to prove operation); Commonwealth v. Geisler, 14 Mass. App. Ct. 268, 273 (1982), and cases cited (same).

out under the passenger door, his left foot under the engine; his head and shoulders were up in the framework of the car, his head being against the floor." Id. at 26. The defendant admitted that he owned the automobile, and that he had driven it earlier in the evening. He denied knowing the victim even though it turned out they were roommates. The defendant also told the police that he had been walking along the side of the road and had been struck by an automobile. The Commonwealth argued that the defendant's ownership of the vehicle and his admission that he had driven it earlier that evening, coupled with the evidence of his consciousness of guilt, permitted the jury to infer that he had operated the vehicle at the time of the crash. We rejected this argument, noting that the evidence regarding the position of the defendant and the victim after the crash suggested a contrary inference (that the defendant was ejected from the passenger seat), and concluded that in such circumstances, neither inference could be established beyond a reasonable doubt. Id. at 27. See Commonwealth v. Leonard, 401 Mass. 470 (1988).[5]

---

[5] Although Leonard is a case in which the Commonwealth relied on an uncorroborated statement made by the defendant, it illustrates the effect that the presence of a second person may have on the reasonableness of the inference of operation from circumstantial evidence. In Commonwealth v. McNelley, 28 Mass. App. Ct. 985, 987 (1990), we explained the reasoning in Leonard as follows: "In Leonard, the defendant was fighting with his wife on the side of the road near a parked automobile when he

Here, unlike in Mullen and Leonard, the presence of a
second person did not render the inference that the defendant
was the operator of the vehicle unreasonable.  This is not a
case in which the evidence limited the jury to "a choice
between, at the very most, equal inferences."  Commonwealth v.
Mullen, 3 Mass. App. Ct. at 27, citing Commonwealth v. Fancy,
349 Mass. 196, 201 (1965).  In the present case, Officer
Underwood testified that when he approached the vehicle the
defendant was in the driver's seat.[6]  The defendant was severely

_____

was first observed.  The defendant was shouting at his wife, who
had possession of the automobile keys, 'Give me the keys,' and
'Give me back the f------ keys.'  When the police arrived, they
observed the defendant sitting in the front seat of the
automobile with his wife on his lap.  The defendant was trying
to put the key in the ignition and his wife was trying to stop
him.  After the defendant was removed from the automobile, his
wife asked for her cigarettes, and they were retrieved from the
floor on the passenger side.  The court held the 'inference to
be drawn from the location of the cigarettes [was] speculative,
especially since there was a struggle inside the vehicle.'
[Leonard, 401 Mass.] at 473.  It also stated that '[t]he
defendant's demand that his wife "give . . . back" the keys
[was] ambiguous and speculative also, in light of the fact that
the defendant had been allowed to operate the vehicle earlier in
the day.'"

[6] Officer Underwood testified that "[a]s I exited my cruiser
and approached the vehicle I observed the interior of the
vehicle, observing a female party in the driver's seat, male
party in the passenger seat."  When asked if the two people were
moving around, he testified that "[a]s I approached the parties
were separating."  In view of the defendant's testimony about
what was occurring at the time Officer Underwood approached the
vehicle and where she and her companion were and had been inside
the vehicle, it is not unreasonable to interpret Officer
Underwood's testimony as consistent with the defendant's
account.  However, that is not the test we apply when reviewing

intoxicated, but her companion was not.[7]  "The manner in which the automobile was parked, half on the street and half on the sidewalk, was evidence that it may have been driven by a driver under the influence of alcohol."  Commonwealth v. Hilton, 398 Mass. at 68.  As we said in Commonwealth v. Latney, 44 Mass. App. Ct. 423, 426 (1998), the jury here were not required to make a "leap of conjecture" to infer the defendant was the operator of the vehicle.

As noted above, the question whether the jury could reasonably infer that the defendant was the operator of the vehicle is a close one.  However, while conflicting inferences as to who was the driver of the truck were possible, where, as in this case, an inference that the defendant was the operator of the vehicle is both possible and reasonable, our responsibility to view the evidence in the light most favorable

---

the sufficiency of the evidence.  Based on the evidence, it was not unreasonable for the jury to draw a contrary inference that the defendant was in the driver's seat the entire time.  See Commonwealth v. Latimore, 378 Mass. 671, 678-679 (1979).  See also Commonwealth v. Merry, 453 Mass. 653, 663 (2009) ("[T]the principle . . . regarding evidence tending equally to support one proposition over the other applies only if the circumstances require[] a leap of conjecture with respect to essential elements of the crime charged") (quotation and citations omitted).

[7] The evidence was that the defendant's blood alcohol content was 0.35 percent.  The defendant testified that she had "a lot" to drink that evening, and by comparison her companion had "[v]ery little."

to the Commonwealth requires that the jury be permitted to "determine where the truth lies." Commonwealth v. Platt, 440 Mass. at 401 (citation omitted). See Commonwealth v. Merry, 453 Mass. 653, 660-663. The defendant's motion for a required finding of not guilty was properly denied.[8]

3. Prosecutor's closing argument. The evidence at trial was that the defendant's companion on the night she was arrested had moved to California and that she had not had any contact with him since a day or two following her arrest. The record does not indicate that the Commonwealth requested that the judge give a missing witness instruction prior to the closing arguments.[9] In his closing argument, the prosecutor asked rhetorically, "[I]sn't it convenient" that the witness was not

---

[8] This is not a case in which the evidence presented by the Commonwealth deteriorated as a result of the evidence presented by the defendant to the extent that the defendant's motion for a required finding of not guilty at the close of all the evidence should have been allowed. "Because the credibility of the defendant's witness[] and the weight of [her] testimony are issues for the jury to decide, the Commonwealth's case could not have deteriorated where the defendant's evidence at trial turned solely on the credibility of [her] witness[]." Commonwealth v. Platt, 440 Mass. at 404.

[9] The prosecutor did not lay a foundation for a missing witness instruction. Based on the evidence in this case, it is reasonable to presume that the defendant's companion would have been able to give important testimony in the case. However, the prosecutor did not demonstrate that the witness was (1) available to the defendant, (2) not hostile to the defendant, and (3) that there was no logical or tactical explanation for why the defendant did not call him. Mass. G. Evid. § 1111(b) (2015).

present, and "[w]hat else would he know that we may reasonably infer from the evidence that came in?" At the close of this argument, defense counsel objected, pointing out that the prosecutor was aware that the witness in question was in California and was not available. The prosecutor informed the judge that he was not asking for a missing witness instruction, but contended that he was still entitled to argue that the jury should draw an adverse inference against the defendant due to the absence of the witness. Defense counsel requested a curative instruction. The judge effectively overruled the defendant's objection by indicating that he would not give a missing witness instruction, and would not give a curative instruction.

"The missing witness argument and the missing witness instruction are interrelated." Mass. G. Evid. § 1111 note (a), at 402 (2015). The argument is "a powerful accusation -- that a party is withholding evidence that would be unfavorable -- and that is why we regulate it closely and require judges to assess very carefully whether to give the instruction and to permit the argument in a given case." Commonwealth v. Saletino, 449 Mass. 657, 673 (2007). For this reason, the preferred practice is for counsel and the trial judge to discuss the matter at the charge conference and prior to closing arguments. Commonwealth v. Williams, 450 Mass. 894, 907 (2008). Accord Commonwealth v.

Pena, 455 Mass. 1, 16-17 (2009).  See also Commonwealth v. Schatvet, 23 Mass. App. Ct. 130, 134-135 (1986); Commonwealth v. Smith, 49 Mass. App. Ct. 827, 831 n.6 (2000).

This case is analogous to Commonwealth v. Pena, supra, where defense counsel asked the jury, in the absence of a missing witness instruction by the trial judge, "Where is that expert?" and argued that the prosecutor's failure to call an expert witness suggested that such witness could not rebut the defense expert's testimony.  455 Mass. at 15-16.  In this case, the prosecutor's rhetorical questions improperly invited the jury to speculate as to the content of evidence not produced at trial.  See Saletino, 449 Mass. at 672 n.22.  See also Mass. G. Evid. § 1113(b)(3) & note (2015) (guidelines for closing arguments).

We apply the prejudicial error standard.  "An error is not prejudicial if it did not influence the jury, or had but slight effect; however, if we cannot find with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, then it is prejudicial."  Commonwealth v. Misquina, 82 Mass. App. Ct. 204, 207 (2012) (quotation and citations omitted).  In view of our assessment that this was a close case in which the jury were presented with circumstantial evidence from which two conflicting inferences could be drawn --

one consistent with the defendant's guilt and one consistent with her innocence -- we cannot say that the prosecutor's improper argument did not have a substantial effect on the outcome.

For the foregoing reasons, the judgment is reversed and the verdict is set aside.

<u>So ordered</u>.