Following a bench trial in the District Court, the defendant, Matthew C. Werme, was convicted of operating a motor vehicle while under the influence of intoxicating liquor (OUI), fifth offense, pursuant to G. L. c. 90, § 24(1)(a )(1), and negligent operation of a motor vehicle, pursuant to G. L. c. 90, § 24(2)(a ). On appeal, he challenges the sufficiency of the evidence. We affirm.
In evaluating the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-678 (1979). Furthermore, "we resolve all issues of credibility in favor of the Commonwealth." Commonwealth v. Platt, 440 Mass. 396, 401 (2003).
The defendant moved for a required finding of not guilty at the close of the Commonwealth's case and renewed his motion at the close of all the evidence. The defendant testified on his own behalf and denied engaging in criminal behavior or even operating the vehicle. As the judge was entitled to reject the defendant's testimony in its entirety, the Commonwealth's case did not deteriorate with the presentation of the defendant's case. See Commonwealth v. Berry, 68 Mass. App. Ct. 78, 81 (2007). Therefore, we limit our discussion of the evidence to that presented by the Commonwealth in its case-in-chief. Measured against the Latimore standard, there plainly was ample evidence that the defendant committed the two charged offenses.
1. OUI. The defendant does not contest that he was intoxicated. Rather, he challenges the sufficiency of the evidence that he "operated" the vehicle or drove while impaired or in a negligent manner. "An individual operates a motor vehicle ... when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle." Commonwealth v. Beltrandi, 89 Mass. App. Ct. 196, 198-199 (2016) (quotations omitted). Direct evidence is not required to show that the defendant operated the vehicle and proof of operation of a motor vehicle "may rest entirely on circumstantial evidence." Commonwealth v. Cromwell, 56 Mass. App. Ct. 436, 438 (2002) (quotation omitted).
The Commonwealth presented testimony from four witnesses, including Roger Hunt, a friend of the defendant. Hunt testified that the defendant was drinking throughout the day in question, including nine beers between approximately 9 A.M. and 12 P.M. Hunt further testified that the defendant continued to consume beer while driving to a bar in Rhode Island. The defendant was speeding, swerving outside of the marked lanes, and nearly colliding with trees. After the defendant had additional alcoholic drinks at the bar, they drove to Douglas, with the defendant continuing to speed and swerve around, and failing to stay in his lane. By the time the defendant dropped off Hunt, Hunt believed the defendant to be drunk. In sum, the defendant drove his vehicle to multiple locations after and while consuming numerous alcoholic beverages and while driving erratically.
Additionally, while no police officer observed the defendant drive his vehicle, the Commonwealth presented evidence that (1) the defendant was the owner of the vehicle and was known to drive it, (2) when the police arrived at the club where the defendant ultimately was arrested, the vehicle's engine was still warm, permitting an inference that it had recently been driven, (3) the keys were in the ignition, and (4) the defendant was the only person in the vicinity of the vehicle. This evidence supports the inference that the defendant operated the vehicle. Given the direct and circumstantial evidence, the judge could have concluded beyond a reasonable doubt that the defendant operated the vehicle.
2. Negligent operation. To establish the negligent operation of a vehicle, the Commonwealth must establish that the defendant (1) operated a motor vehicle, (2) upon a public way, and (3) the operation was negligent so that the lives or safety of the public might have been endangered. Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007). The defendant claims that the Commonwealth failed to prove that his consumption of alcohol diminished his ability to operate a motor vehicle safely. The defendant argues that Hunt's testimony was unreliable, there was insufficient evidence of the defendant's intoxication, and Hunt's testimony was not specific enough to demonstrate that the defendant's driving was negligent.
Crediting Hunt's testimony, the judge could have found that on March 8, 2015, the defendant drove on public roads while intoxicated. The evidence further showed that the defendant's driving, while on public roadways, was "erratic" and that he was speeding, swerving over the center line, drinking alcohol while driving, and nearly colliding with trees several times. Negligent operation under G. L. c. 90, § 24(2)(a )"only requires proof that the defendant's conduct might have endangered the safety of the public, not that it in fact did." Ibid. The evidence viewed in the light most favorable to the Commonwealth showed that the defendant's driving occurred on roadway accessible to the public and his behavior, when viewed in relation to the circumstances, was sufficient to prove that his conduct might have endangered the lives of the public.
Viewed as a whole, the evidence supports a finding that the defendant drove in a negligent manner while intoxicated.
Judgments affirmed.