NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-787

COMMONWEALTH

vs.

MARTIN E. LIBBY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant, Martin E. Libby, was found guilty of leaving the scene of an accident involving personal injury, G. L. c. 90, § 24 (2) (a 1/2) (1), and negligent operation of a motor vehicle, G. L. c. 90, § 24 (2) (a).  He was also found responsible for a marked lanes violation.  See G. L. c. 89, § 4A.[1]  On appeal, he argues that the Commonwealth's evidence was insufficient to prove either that he was the operator of the

_____

[1] The defendant was acquitted of operating a motor vehicle with a suspended license, G. L. c. 90, § 23; operating a motor vehicle under the influence, G. L. c. 90, § 24 (1) (a) (1); and failing to stop for the police, G. L. c. 90, § 25.

truck that crashed into a Toyota Avalon headed in the opposite direction, or that he drove in a negligent manner.  We affirm.

In our review of the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Ross, 92 Mass. App. Ct. 377, 378 (2017), quoting Commonwealth v. Oberle, 476 Mass. 539, 547 (2017).  The relevant question is whether the evidence would permit the trier of fact to find guilt, "not whether the evidence requires such a finding."  Commonwealth v. Brown, 401 Mass. 745, 747 (1988).

1.  Operation of the motor vehicle.  To establish the defendant's guilt for both leaving the scene of an accident involving personal injury and negligent operation, the Commonwealth had to prove beyond a reasonable doubt that he was the operator of the vehicle at the time of the accident.  See Commonwealth v. Rijo, 98 Mass. App. Ct. 871, 873 (2020), quoting G. L. c. 90, § 24 (2) (a 1/2) (1) ("Whoever operates a motor vehicle upon any way . . . and without stopping and making known his name, residence and the registration number of his motor vehicle, goes away after knowingly colliding with or otherwise causing injury to any person not resulting in the death of any

2

person, shall be punished . . ."); Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 921 (2004) ("To establish guilt under [G. L. c. 90, § 24 (2) (a)], the Commonwealth must prove that the defendant (1) operated the motor vehicle, (2) upon a public way, (3) (recklessly or) negligently so that the lives or safety of the public might be endangered").

The defendant contends the evidence presented at trial, even when viewed in the light most favorable to the Commonwealth, was insufficient to prove that he was the operator of the truck that caused the accident. We disagree. "Proof of operation of a motor vehicle may rest entirely on circumstantial evidence" (quotation and citation omitted). Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 52 (2006). Here, the driver of the Toyota Avalon testified that his car was hit by a white box truck driven by a white man. The police detective who responded to the accident transmitted by radio a description of the truck and its license plate number, based on information provided by witnesses to the accident. Ten to fifteen minutes later, a patrol officer spotted a truck with that license plate number and matching that description about a mile or two from where the accident occurred. The defendant was driving the truck. After being stopped, he told the officer that he had just been in an accident. There was severe damage to the left, front side of

3

his truck.  In addition, pink insulation foam, a white exterior tool compartment panel, and various tools had been found at the scene of the accident, and the defendant's truck had the same pink insulation foam and its exterior tool compartment panel had been ripped off.

Viewed as a whole, and in the light most favorable to the Commonwealth, this evidence was sufficient to prove beyond a reasonable doubt that the defendant was operating the truck at the time of the accident.  See Commonwealth v. Shea, 324 Mass. 710, 713 (1949).  Even though there was a female passenger in the truck when the police pulled it over, her presence was inadequate to "undermine the probative value of the corroborative evidence" showing the defendant was the driver. Commonwealth v. Adams, 421 Mass. 289, 292 (1995).  That corroborative evidence included the Toyota Avalon driver's statement that a man was driving the white box truck, the fact that the defendant was driving the truck when it was stopped shortly afterwards, and his admission that he had just been in an accident.  See Commonwealth v. Beltrandi, 89 Mass. App. Ct. 196, 201-202 (2016).

2.  Negligent operation.  The defendant also claims there was insufficient evidence to prove that he operated the truck negligently.  Under G. L. c. 90, § 24 (2) (a), negligence "is

4

determined by the same standard that is employed in tort law." Duffy, 62 Mass. App. Ct. at 922 n.2. At trial, the driver of the Toyota Avalon testified that the truck crossed over the double yellow lines and struck the front left side of his vehicle. Because the truck was "way over the line," he had no ability to avoid the collision. The officer who stopped the defendant testified that he seemed "unsteady on his feet," had "[s]lurred" and "delayed" speech, and, confusingly, stated that he had already "called the hospital to let them know that an accident had occurred." Because this evidence of the defendant's marked lane violation and general disorientation was sufficient to prove beyond a reasonable doubt that he negligently operated his vehicle, the judge did not err in denying his motion for a required finding of not guilty.

Judgments affirmed.

By the Court (Meade, Hershfang & Toone, JJ.[2]),

_Paul Little_

Clerk

Entered: October 22, 2024.

---

[2] The panelists are listed in order of seniority.

5