NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1010

COMMONWEALTH

vs.

EDWARD P. TIRONE, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Edward P. Tirone, Jr., appeals from his conviction, after a jury-waived trial in the District Court, of operating a motor vehicle under the influence of intoxicating liquor (OUI), G. L. c. 90, § 24 (1) (a) (1). We conclude that, where the defendant was the only person in the automobile stopped by the side of the road and there was no evidence to support the defendant's assertion that someone else had driven it there, there was sufficient evidence to show that the defendant operated the motor vehicle. Further discerning no error in the judge's conclusion, after an evidentiary hearing, that trial counsel was not informed of the existence of a

purportedly favorable witness and thus acted effectively, we affirm.

1. Sufficiency of the evidence. "[W]e consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 216 (2019), quoting Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016).

"To convict a defendant of OUI, the Commonwealth must prove that (1) the defendant operated a motor vehicle, (2) on a public way or place to which the public had a right of access, and (3) while under the influence of alcohol." Commonwealth v. Hallinan, 491 Mass. 730, 733 (2023). See G. L. c. 90, § 24 (1) (a) (1). Here, the defendant challenges only the first element, the defendant's operation of the motor vehicle.

"An individual 'operates' a motor vehicle within the meaning of G. L. c. 90, § 24, 'when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle.'" Commonwealth v. Beltrandi,

2

89 Mass. App. Ct. 196, 198 (2016), quoting Commonwealth v. Ginnetti, 400 Mass. 181, 183-184 (1987).  Accord Commonwealth v. Wurtzberger, 496 Mass. 203, 206 (2025), quoting Commonwealth v. Uski, 263 Mass. 22, 24 (1928).  Where, as here, no one saw the defendant driving and the defendant did not admit to doing so, "[p]roof of operation of a motor vehicle may 'rest entirely on circumstantial evidence.'"  Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 52 (2006), quoting Commonwealth v. Cromwell, 46 Mass. App. Ct. 436, 438 (2002).

Here, there was sufficient circumstantial evidence of the defendant's operation.  The defendant's motor vehicle was stopped in the breakdown lane of Interstate Highway 95 at approximately 1:10 A.M., and the defendant, seated in the passenger seat, was the vehicle's sole occupant.  See Commonwealth v. Proia, 98 Mass. App. Ct. 125, 128 (2020) (defendant "located outside a nearby tavern" close to accident site); Commonwealth v. Congdon, 68 Mass. App. Ct. 782, 782-784 (2007) (defendant was walking toward disabled vehicle from short distance away).  The motor vehicle was registered to the defendant and was out of gasoline.  See Petersen, 67 Mass. App. Ct. at 52 (defendant "was the registered owner of the car, lived in the neighborhood, and appeared at the scene shortly after the police arrived, acknowledging that he came to pick up his car").  Cf. Commonwealth v. Puac-Cuc, 97 Mass. App. Ct. 590, 592 (2020),

3

quoting Commonwealth v. Deramo, 436 Mass. 40, 43 (2002) ("the police may, in the absence of any contrary evidence, reasonably conclude that a vehicle is likely being driven by its registered owner").

Although the defendant claimed that a friend was previously driving and had since left the scene to find a gasoline station, the responding trooper did not see any individuals on the highway prior to stopping or when later leaving the scene. Moreover, when the trooper instructed the defendant to call his friend, the defendant dialed a 1-800 number before telling the officer that his friend was not answering. See Commonwealth v. Lagotic, 102 Mass. App. Ct. 405, 410 (2023), quoting Commonwealth v. Adams, 421 Mass. 289, 292 (1995) ("no 'evidence tending to suggest that someone other than the defendant was operating' the vehicle"). The judge could reasonably disbelieve the defendant's assertions to the officer and rationally find that the defendant drove the motor vehicle on the highway prior to running out of gasoline. See Beltrandi, 89 Mass. App. Ct. at 202, quoting Commonwealth v. Latney, 44 Mass. App. Ct. 423, 426 (1998) (given presented evidence, trier of fact "not required to make a 'leap of conjecture' to infer the defendant was the operator of the vehicle"). In sum, the evidence was sufficient to prove the defendant's operation.

4

2. Ineffective assistance of counsel. "[W]e review the denial of a motion for a new trial for 'a significant error of law or other abuse of discretion.'" Commonwealth v. Diaz, 100 Mass. App. Ct. 588, 592 (2022), quoting Commonwealth v. Duart, 477 Mass. 630, 634 (2017), cert. denied, 584 U.S. 938 (2018). When the basis for a motion for a new trial is a claim of ineffective assistance of counsel, "the defendant must show that the behavior of counsel fell measurably below that of an ordinary, fallible lawyer and that such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Prado, 94 Mass. App. Ct. 253, 255 (2018), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). In doing so, "[w]e give particular deference to the decision of a motion judge who was also the trial judge." Commonwealth v. Moreno, 102 Mass. App. Ct. 321, 326 (2023).

"The decision '[w]hether to call a witness is a strategic decision.'" Commonwealth v. Jacobs, 488 Mass. 597, 602 (2021), quoting Commonwealth v. Morales, 453 Mass. 40, 45 (2009). "A strategic or tactical decision by counsel will not be considered ineffective assistance unless that decision was 'manifestly unreasonable' when made." Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006), quoting Commonwealth v. Adams, 374 Mass. 722, 728 (1978).

5

Here, after reviewing the proffered witness' affidavit and conducting an evidentiary hearing, the motion judge concluded, "[i]n simple terms, I do not find that trial counsel failed to call a witness because I do not believe such witness existed or that she was told of his existence." If neither the defendant nor anyone else told counsel the identity of the witness, counsel was not ineffective in failing to call that witness.

"We defer to a judge's assessment of the credibility of witnesses at a hearing on the motion for a new trial." Commonwealth v. Lykus, 451 Mass. 310, 325 (2008). Here, there is no reason to question the motion judge's credibility determination as the defendant has provided us with neither an affidavit of trial counsel nor a transcript of the evidentiary hearing. See Commonwealth v. Miller, 101 Mass. App. Ct. 344, 351 (2022) ("the absence from the defendant's moving papers of an affidavit from trial counsel or averment from appellate counsel explaining the absence of any such affidavit is conspicuous and significant"). Moreover, given that the witness's affidavit was authored by the defendant's lifelong friend, "[t]he judge was free to reject the self-serving affidavits the defendant offered in support of his new trial motion." Commonwealth v. Bolton, 92 Mass. App. Ct. 469, 475 (2017).

6

Furthermore, where, as here, the claim for ineffective assistance of counsel is based on trial counsel's failure to call a witness, the defendant "must show that the purported testimony would have been relevant or helpful." Commonwealth v. Watkins, 473 Mass. 222, 240 (2015), quoting Commonwealth v. Ortega, 441 Mass. 170, 178 (2004). After hearing the witness's testimony, the motion judge (who presided over a jury-waived trial) stated, "I can safely say that I would not have credited [the witness'] testimony had it been presented at trial." Accordingly, the defendant also failed to show that the witness would have provided him with a substantial ground of defense. See Commonwealth v. Britto, 433 Mass. 596, 602 (2001) (failure to call witnesses did not prejudice defendant where impact of those witnesses would be "marginal at best"). The motion judge

7

properly denied the motion for a new trial.

Judgment affirmed.

Order denying motion for new trial affirmed.

By the Court (Blake, C.J., Ditkoff & Brennan, JJ.[1]),

Clerk

Entered:  July 2, 2025.

---

[1] The panelists are listed in order of seniority.