NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-549

COMMONWEALTH

vs.

WILLIAM R. WHEELER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the

defendant, William R. Wheeler, was convicted of negligent

operation of a motor vehicle, G. L. c. 90, § 24 (2) (a), and

operating a motor vehicle while under the influence of

intoxicating liquor (OUI), G. L. c. 90, § 24 (1) (a) (1).[1]  On

appeal, he challenges the sufficiency of the evidence.  We

affirm.

Background.  Around 9 P.M. on August 29, 2020, Tori Malejka

was driving in the right lane on Montcalm Street in Chicopee

when a car traveling in the opposite direction in the left lane

_____

[1] The defendant was also found responsible for a civil marked lanes violation.  See G. L. c. 89, § 4A.

suddenly crossed over the center line and collided with her driver's side door.  The impact of the crash propelled Malejka's car onto the front lawn of a Montcalm Street residence and left "good sizable significant damage to" her car's left side.  The driver left the scene in his car, and Malejka followed on foot until they reached the driveway of a home about 100 feet away.  There, Malejka saw a man get out of the driver's side door and heard him tell a woman exiting the passenger side to go inside the house.  The driver then got back into his car and returned it to the scene of the crash, where he attempted to align his wheels with the tire marks behind Malejka's car.

An officer responded to the crash at approximately 9:30 P.M.  The officer determined that the defendant was the driver, as he "was the only party standing next to his vehicle," and a search of the registration number revealed that the defendant was the registered owner.  As he was speaking with the defendant, the officer noticed that the defendant had glassy and bloodshot eyes, he was swaying back and forth, and he had a moderate odor of alcohol emanating from his person.  The defendant admitted that he was on his way back from a friend's home in Southwick, and that he had consumed two hard ciders. The defendant then agreed to perform two field sobriety tests. On the nine-step walk-and-turn test, the defendant stepped out of line after taking one step, his hands came off his sides, and

2

he swayed to the left.  The defendant attempted the test a second time without wearing his sandals, and again he was only able to take one or two steps before "he swayed to the left, almost falling over."  On the one-legged stand, the defendant was only able to maintain the position for five of the required thirty seconds.  The officer placed the defendant under arrest. During the booking process, the defendant described in detail the route he drove home and admitted to taking his eyes off the road just before the accident.  He also admitted to drinking two hard ciders earlier in the afternoon, and a third cider just before driving home.

At trial, the defendant claimed that his former wife, who suffers from narcolepsy, was the driver and that she "nodded out" at the wheel.  The defendant testified that he admitted to being the driver to keep her out of trouble.

Discussion.  We review a challenge to the sufficiency of the evidence to determine whether, after viewing the evidence in the light most favorable to the Commonwealth, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Colas, 486 Mass. 831, 836 (2021), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).  "The evidence may be direct or circumstantial, and we draw all reasonable inferences in favor

of the Commonwealth."  Commonwealth v. Ayala, 481 Mass. 46, 51 (2018).

1. OUI.  To support an OUI conviction, the Commonwealth must prove that the defendant (1) operated a vehicle, (2) on a public way, (3) while under the influence of alcohol.  See Commonwealth v. Palacios, 90 Mass. App. Ct. 722, 728 (2016).  The defendant challenges the sufficiency of the evidence only as to the first and third elements -- operation and intoxication.

a.  Operation.  The defendant contends that the Commonwealth failed to produce either direct or circumstantial evidence, beyond his admissions, that he was the operator.  We are unpersuaded.  "An individual 'operates' a motor vehicle within the meaning of G. L. c. 90, § 24, 'when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle.'"  Commonwealth v. Beltrandi, 89 Mass. App. Ct. 196, 198 (2016), quoting Commonwealth v. Ginnetti, 400 Mass. 181, 183 (1987).  "Direct evidence that the defendant operated the vehicle is not required"; rather, proof of operation may rest on circumstantial evidence.  Beltrandi, supra at 199-200.  We pass on the question whether the defendant's challenge to the sufficiency of the evidence of operation was preserved.  Under either standard of review -- prejudicial error or substantial risk of a miscarriage of

4

justice -- the evidence sufficed. See Commonwealth v. Kurko, 95 Mass. App. Ct. 719, 722 (2019) (defendant's theory of case cannot relieve Commonwealth of burden to prove every element of crime beyond reasonable doubt).

Here, the defendant twice admitted to driving, first to the officer at the scene and again during booking. While the defendant contends that his admissions to driving were insufficient to prove that he was, in fact, the operator because his confessions were uncorroborated, the Commonwealth's evidence went further. See Commonwealth v. Lagotic, 102 Mass. App. Ct. 405, 409 (2023) (corroboration requires "merely that 'there be some evidence, besides the confession, that the criminal act was committed by someone, that is that the crime was real and not imaginary'" [citation omitted]). The officer testified that the defendant, the car's registered owner, was the only person standing near his car; the defendant responded to the officer's questions about whether he had been drinking; and he agreed to perform two field sobriety tests. See Commonwealth v. O'Connor, 420 Mass. 630, 632 (1995) ("The finder of fact could infer operation from the facts and circumstances surrounding the accident and from the defendant's cooperation with the field sobriety tests"). Further, Malejka testified that a man named "Wheeler" was driving the car that hit her, and she recognized the driver as a man because she could "physically see his face

5

crashing into [her] vehicle."[2]  See Palacios, 90 Mass. App. Ct. at 728.  After following the defendant to his driveway, Malejka "saw both [the defendant and his former wife] get out of the car.  Wheeler, driver's side.  Wife, passenger's side."  The Commonwealth's evidence sufficed to meet the minimal corroboration requirement.

Contrary to the defendant's contention, the Commonwealth's case did not deteriorate.  Deterioration only occurs where the Commonwealth's evidence of the necessary elements "is later shown to be incredible or conclusively incorrect" (citation omitted).  Commonwealth v. O'Laughlin, 446 Mass. 188, 203 (2006).  While the defense witnesses testified to a different version of the events, "[t]o the extent that conflicting inferences may be drawn from the evidence, it [was] for the jury to decide which version to credit."  Commonwealth v. Miranda, 458 Mass. 100, 113 (2010), cert. denied, 565 U.S. 1013 (2011), S.C., 474 Mass. 1008 (2016).  "The jury, of course, were free to believe or disbelieve, in whole or in part, the testimony of each witness," Commonwealth v. Spinucci, 472 Mass. 872, 878 (2015); consequently, the jury were not required to credit the defense witnesses' testimony that it was the former wife, and

_____

[2] While Malejka referred to the defendant as "Wheeler" at trial, she did not make an in-court identification of the defendant as the driver.

6

not the defendant, who was driving.  Viewed in its totality, and in the light most favorable to the Commonwealth, the evidence sufficed beyond a reasonable doubt to prove that the defendant was the operator.

b.  Intoxication.  To establish the element of intoxication, the Commonwealth was required to "prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished [his] ability to operate a motor vehicle safely" (emphasis omitted).  Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 352 (2015), quoting Commonwealth v. Connolly, 394 Mass. 169, 173 (1985).

Here, the officer testified that the defendant had glassy and bloodshot eyes; he was swaying back and forth as the officer spoke with him; he admitted to drinking two or three alcoholic ciders; he was unable to complete two field sobriety tests; and the officer detected a moderate odor of alcohol emanating from the defendant.  See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392-393 (2017) (evidence of driver's imbalance, emanating odor of alcohol, slurred speech, glassy and bloodshot eyes, and inability to complete field sobriety tests sufficient to support OUI conviction).  The totality of the evidence, viewed in the light most favorable to the Commonwealth, sufficed beyond a reasonable doubt to prove that the defendant was under the

7

influence of alcohol and that his intoxication diminished his ability to safely operate a motor vehicle.

2. Negligent operation. "To sustain a conviction of negligent operation, the Commonwealth must prove that the defendant (1) operated a motor vehicle, (2) on a public way, and (3) negligently, so that the lives or safety of the public might be endangered." Commonwealth v. Teixeira, 95 Mass. App. Ct. 367, 369 (2019). The defendant contends that the Commonwealth failed to present sufficient evidence that he drove in a negligent manner.[3] We are not persuaded.

Under G. L. c. 90, § 24 (2) (a), negligence "is determined by the same standard that is employed in tort law." Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 922 n.2 (2004). "Negligence . . . in its ordinary sense, is the failure of a reasonable person, either by omission or by action, to exercise that degree of care, vigilance and forethought which . . . the person of ordinary caution and prudence ought to exercise under the particular circumstances." Commonwealth v. Howe, 103 Mass. App. Ct. 354, 358 (2023), quoting McGovern v. State Ethics Comm'n, 96 Mass. App. Ct. 221, 232 n.25 (2019).

---

[3] The defendant also argues that the Commonwealth failed to present sufficient evidence that he operated the motor vehicle. Operation is an element of both OUI and negligent operation, and, as discussed supra, the evidence sufficed to prove that the defendant was the operator. See Commonwealth v. Peterson, 67 Mass. App. Ct. 49, 52 n.4 (2006).

Here, as discussed supra, the defendant exhibited several signs of intoxication.  See Commonwealth v. Woods, 414 Mass. 343, 350, cert. denied, 510 U.S. 815 (1993) (evidence that defendant had been drinking "patently relevant to whether the defendant exercised reasonable care while driving").  While "a conviction of negligent operation requires something more than just operating a motor vehicle while under the influence of alcohol," Commonwealth v. Zagwyn, 482 Mass. 1020, 1022 (2019), here the defendant also took his eyes off the road, crossed over the center line, and drove in a manner that caused significant damage to the other driver's car.  See Howe, 103 Mass. App. Ct. at 359 ("reasonable jury could have concluded beyond a reasonable doubt, from the manner in which the collision occurred, the extent of the damage, and the defendant's admission, that negligent operation was the cause of this particular collision").  Contrast Aucella v. Commonwealth, 406 Mass. 415, 418 (1990) ("The mere happening of an accident" is insufficient to prove negligent operation [citation omitted]).  The evidence of the defendant's inattention to the road, his alcohol consumption, and the severity of the collision,

considered together, was sufficient to prove beyond a reasonable doubt that the defendant drove in a negligent manner.

<u>Judgments affirmed</u>.

By the Court (Blake, C.J., Sacks & D'Angelo, JJ.[4]),

Clerk

Entered:  July 10, 2025.

---

[4] The panelists are listed in order of seniority.