NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-401

COMMONWEALTH

vs.

DAVID D. DRAKE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of operating a motor vehicle while under the influence of liquor (OUI), pursuant to G. L. c. 90, § 24 (1) (a) (1), and negligent operation of a motor vehicle, pursuant to G. L. c. 90, § 24 (2) (a).  After a jury-waived trial, the defendant was convicted of OUI, third offense.  On appeal, he claims that there was insufficient evidence to support his OUI conviction, that the judge erred by not permitting the defendant to admit third-party culprit evidence, and that he received ineffective assistance of counsel.  We affirm in part, reverse in part, and remand to allow for a new trial if the Commonwealth wishes to seek one.

1.  Sufficiency of the evidence.  The defendant claims that there was insufficient evidence that he operated the motor vehicle in question, requiring his conviction to be reversed. We disagree.

When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt."  Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 (2008), quoting Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999). Nor are we obligated to "reread the record from a [defendant]'s perspective."  Palmariello v. Superintendent of M.C.I. Norfolk, 873 F.2d 491, 493 (1st Cir.), cert. denied, 493 U.S. 865 (1989). See Commonwealth v. Duncan, 71 Mass. App. Ct. 150, 152 (2008). Rather, the relevant "question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).

When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense.  See Jackson, 443 U.S. at 324 n.16; Latimore, 378 Mass.

at 677-678.  To sustain the defendant's conviction of OUI in violation of G. L. c. 90, § 24 (1) (a) (1), "the Commonwealth was required to prove that the defendant (1) operated a motor vehicle, (2) on a public way, (3) while under the influence of alcohol."  Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017).  The defendant challenges only the sufficiency of the evidence as to the first element.

In the light most favorable to the Commonwealth, the jury was entitled to find as follows.  An Auburn police officer responded to a single car accident, and saw that the front corner of a car had collided with a guardrail.  Present at the scene were the apparently intoxicated defendant and another person, who were sitting nearby off the roadway.  Although the defendant owned the car, the officer did not see who had operated it, but he and the other officers at the scene "gathered enough evidence" to opine that the defendant was the "operator."  In addition, a motor vehicle crash report (police report) was admitted in evidence that listed the defendant as the operator.

The defendant claims that the officer's opinion that the defendant was the operator was "irrelevant."  Even if we were to agree, the testimony came in without objection.  The police report also stated that the defendant was the operator.  As

3

mentioned in his ineffective assistance claim, this police report was offered in evidence by the defendant.

As a starting point, we note that unobjected-to testimony is received in evidence for its full probative value.  See Commonwealth v. Adams, 421 Mass. 289, 291 (1995); Commonwealth v. Stewart, 398 Mass. 535, 543 (1986).  In that posture, the jury were entitled to credit the officer's opinion and the documentary evidence stating that the defendant was the operator.  Moreover, even if both pieces of evidence were improperly admitted, it is of no moment in the sufficiency equation.  This is because sufficiency "is to be measured upon that which was admitted in evidence without regard to the propriety of the admission."  Commonwealth v. Sepheus, 468 Mass. 160, 164 (2014), quoting Commonwealth v. Farnsworth, 76 Mass. App. Ct. 87, 98 (2010).  The evidence was sufficient for the jury to find that the defendant was the operator.[1]

2.  Third-party culprit evidence.  The defendant also claims that the judge should have allowed the defendant's motion

---

[1] We are not persuaded by the defendant's reliance on Commonwealth v. Mullen, 3 Mass. App. Ct. 25 (1975).  Unlike in Mullen, the presence of a second person here did not render the inference that the defendant was the operator unreasonable.  The evidence of operation in the instant case is more substantial than that presented in Mullen, as the police report here listing the defendant as the operator was entered in evidence, and an officer testified that the defendant was the operator.

to admit third-party culprit evidence.  The Commonwealth concedes the issue, and we accept the concession.

The evidence the defendant sought to admit were statements made in the video footage of the defendant's companion's booking process (booking video) which the defendant claims showed that his companion drove the car.  However, the judge excluded it as hearsay and found that its admission would "unnecessarily confuse the jury, and that its probative value [was] outweighed by the undue prejudice."  However, hearsay may permissibly form the basis of third-party culprit evidence as long as "the evidence is otherwise relevant, will not tend to prejudice or confuse the jury, and there are other 'substantial connecting links' to the crime."  Commonwealth v. Silva-Santiago, 453 Mass. 782, 801 (2009), quoting Commonwealth v. Rice, 441 Mass. 291, 305 (2004).  To the extent the judge excluded the booking video merely because it was hearsay, it was error.  Also, given the defense was that the defendant was not the operator, the evidence was relevant, had substantial probative value, and was not likely to confuse the jury.

3.  Ineffective assistance of counsel.  Finally, the defendant claims he was denied the effective assistance of counsel where counsel failed to object to the officer's opinion testimony, and introduced the police report which stated that

the defendant was the operator. Again, the Commonwealth concedes error, and we accept the concession.

The opinion testimony was admitted without a proper foundation at least as to how the officer's opinion was based on his perception, given that he did not see the defendant driving the car. See Mass. G. Evid. § 701(a) (2026). Moreover, it included embedded hearsay statements of other officers. Finally, the police report, even if properly admitted, was offered by defense counsel to show that the defendant's companion was the operator, but plainly states that the defendant was the operator.

4. <u>Conclusion</u>. The judgments are vacated, the verdicts are set aside, as is the finding that the defendant had committed a third OUI offense, and the case is remanded to the District Court to allow for a new trial if the Commonwealth wishes to seek one.

<u>So ordered</u>.

By the Court (Meade, D'Angelo & Tan, JJ.[2]),

Clerk

Entered: June 2, 2026.

---

[2] The panelists are listed in order of seniority.